# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **WILLIAM BURKE,** | Case No. 2:19-cv-02006-MHW-EPD |
| Plaintiff, | Hon. Michael H. Watson |
| v. | Mag. Elizabeth A. Preston Deavers |
| **JAMES ALEX FIELDS JR., ET AL.,** | |
| Defendants. | |

## DEFENDANT DAVID DUKE'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2) AND 12(B)(6)

NOW COMES Defendant David Duke ("Duke"), by and through Attorney Kyle J. Bristow and Attorney Bryan A. Reo, and hereby propounds upon the Parties of the instant civil action and this Honorable Court Defendant David Duke's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(2) and 12(B)(6):

1. The Court lacks personal jurisdiction over Duke and the case should therefore be dismissed against Duke in accordance with Fed. R. Civ. P. 12(b)(2) for the reasons set forth in the attached Brief.

2. Assuming, *arguendo*, that the Court enjoys personal jurisdiction over Duke, the case against Duke should still be dismissed in accordance with Fed. R. Civ. P. 12(b)(6) for the reasons set forth in the attached Brief.

WHEREFORE, Duke prays that this Honorable Court will dismiss the instant civil action against Duke.

Respectfully submitted,

**REO LAW, LLC**


/s/ Bryan A. Reo
Bryan A. Reo, Esq.
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811
(E):  reo@reolaw.org
Ohio Law License - #0097470
*Lead Trial Attorney for David Duke*

Dated:  August 19, 2019


**BRISTOW LAW, PLLC**


/s/ Kyle J. Bristow
Kyle J. Bristow, Esq.
P.O. Box 381164
Clinton Twp., MI 48038
(T):  (248) 838-9934
(F):  (586) 408-6384
(E):  bristowlaw@gmail.com
Michigan Law License - P77200
Ohio Law License - #0089543
*Co-Counsel for David Duke*

Dated:  August 19, 2019

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**WILLIAM BURKE,**

      Plaintiff,

      v.

**JAMES ALEX FIELDS JR., ET AL.,**

      Defendants.

Case No. 2:19-cv-02006-MHW-EPD

Hon. Michael H. Watson

Mag. Elizabeth A. Preston Deavers

---

## DEFENDANT DAVID DUKE'S BRIEF IN SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2) AND 12(B)(6)

## TABLE OF CONTENTS

I. INDEX OF AUTHORITIES ........................................................................................... 2

II. CONCISE STATEMENT OF ISSUES PRESENTED ............................................... 4

III. STATEMENT OF FACTS ......................................................................................... 5

IV. LAW & ARGUMENT ................................................................................................. 6

    A. PLAINTIFF'S CLAIMS AGAINST DUKE MUST BE DISMISSED PURSUANT
       TO FED. R. CIV. P. 12(B)(2) ..................................................................................... 6

       1. STANDARD OF REVIEW .................................................................................. 6

       2. PRINCIPAL POINT OF ARGUMENT ............................................................ 7

       3. CONCLUSION ................................................................................................... 11

    B. PLAINTIFF'S CLAIMS AGAINST DUKE MUST BE DISMISSED PURSUANT
       TO FED. R. CIV. P. 12(B)(6) .................................................................................. 11

       1. STANDARD OF REVIEW ............................................................................... 11

       2. PRINCIPAL POINT OF ARGUMENT .......................................................... 12

       3. CONCLUSION ................................................................................................... 14

V. CONCLUSION ............................................................................................................ 14

1

# I.  INDEX OF AUTHORITIES

**CASE LAW**

*Air Prod. & Controls, Inc. v. Safetech, Int'l, Inc.*, 503 F.3d 544 (6th Cir. 2007)...............7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)........................................................................11-12

*Bell A. Corp. v. Twombly*, 550 U.S. 544 (2007) ...............................................................11

*Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499 (6th Cir. 2014)............10

*Binion v. O'Neal*, 95 F.Supp.3d 1055 (E.D. Mich. 2015).......................................6-7, 9-10

*Burger King v. Rudzewicz*, 471 U.S. 462 (1985) ................................................................9

*CompuServe, Inc. v. Patterson*, 89 F.3d 1257 (6th Cir. 1996).............................................9

*Conn v. Zakharov*, 667 F.3d 705 (6th Cir. 2012)................................................................7

*Dean v. Motel 6 Operating, L.P.*, 134 F.3d 1269 (6th Cir. 1998)........................................6

*Estate of Thompson*, 545 F.3d 357 (6th Cir. 2008).............................................................7

*Ford Motor Credit Co. v. Jones*, 2009-Ohio-3298 (Ohio App. 8th Dist. 2009)................13

*Gray v. Newman*, 2008-Ohio-1076 (Ohio App. 8 Dist. 2008)...........................................12

*Halberstam v. Welch,* 705 F.2d 472, 227 U.S.App.D.C. 167 (D.C. Cir. 1983)................13

*Intera Corp. v. Henderson*, 428 F.3d 605 (6th Cir. 2005) ..................................................9

*J. McIntyre Mach., Ltd. v. Nicastro*, 131 S.Ct. 2780 (2011) ..............................................9

*Lambert v. Hartman*, 517 F.3d 433 (6th Cir. 2008)...........................................................11

*Marquardt v. Carlton*, Case No. 1:18-cv-333 (N.D. Ohio, April 2, 2019)......................12

*Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675 (6th Cir. 2012) .......................................7

*Nationwide Mut. Ins. Co. v. Tryg Int'l. Ins. Co.*, 91 F.3d 790 (6th Cir. 1996) ...................7

*Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883 (6th Cir. 2002)........................6, 9

*Schneider v. Hardesty*, 699 F.3d 693 (6th Cir. 2012)..........................................................7

*So. Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374 (6th Cir. 1968) ......................9

*Stainbrook v. Ohio Secretary of State*, 2017-Ohio-1526, 88 N.E.3d 1257 (Ohio App. 10th Dist. 2017) ..................................................13

*State ex rel. Cty. of Cuyahoga v. Jones Lang Lasalle Great Lakes Co.*, 2017-Ohio-7727 (Ohio App. 8 Dist. 2017) ...............................................12

*Theunissen v. Matthews*, 935 F.2d 1454 (6th Cir. 1991) ......................................7

*Vangheluwe v. GOT News, LLC*, 365 F.Supp.3d 850 (E.D. Mich. 2019) ..................10-11

*Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 700 N.E.2d 859 (Ohio S. Ct. 1998)........13

**STATUTORY LAW**

O.R.C. § 2305.11(A) ...........................................................12

O.R.C. § 2307.382 ...............................................................7

O.R.C. § 2307.60 ..............................................................12-13

O.R.C. § 2307.60(A)(1) ........................................................12

**CONSTITUTIONAL LAW**

Fourteenth Amendment to the United States Constitution ...............................7, 9

**COURT RULES**

Fed. R. Civ. P. 11 ..............................................................14

Fed. R. Civ. P. 12(b)(2) .....................................................4-6, 11, 14

Fed. R. Civ. P. 12(b)(6) .....................................................5-6, 11, 14

Fed. R. Civ. P. 12(g)(1) .........................................................6

## II.  CONCISE STATEMENT OF ISSUES PRESENTED

1. Whether the Court should dismiss the instant civil action against Defendant David Duke ("Duke") pursuant to Fed. R. Civ. P. 12(b)(2) on the basis that the Court lacks personal jurisdiction over him.

   > Plaintiff's Anticipated Response:     "No."

   > Duke's Response:                                   "Yes."

2. Whether the Court should dismiss the instant civil action against Duke pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that Plaintiff William Burke ("Plaintiff") has failed to state a claim against Duke upon which relief can be granted.

   > Plaintiff's Anticipated Response:     "No."

   > Duke's Response:                                   "Yes."

### III. STATEMENT OF FACTS

On August 12, 2017, people of various far-right political persuasions rallied in Charlottesville, Virginia, in what has been dubbed the "Unite the Right" rally. (Dkt. 1, PageId. 2, ¶ 1, PageId. 3, ¶ 4). During the rally, James Alex Fields, Jr., drove a car into protesters of various far-left political persuasions, and Plaintiff was allegedly injured therefor. (Dkt. 1, PageId. 2, ¶ 2). Duke is alleged by Plaintiff to have participated in the Unite the Right rally. (Dkt. 1, PageId. 15, ¶ 32; PageId. 21, ¶ 59; PageId. 46, ¶ 150).

Plaintiff is a resident and domiciliary of Athens, Ohio. (Dkt. 1, PageId. 2, ¶ 2).

On May 17, 2019, Plaintiff filed Plaintiff's Complaint against Duke and over two thousand other named and unnamed defendants. (Dkt. 1, PageId. 2, ¶ 1).

Duke is a resident and domiciliary of Louisiana. (Exhibit A – Affidavit of David Duke[1]). Duke does not have an interest in, use, or possess real property in Ohio. (Exhibit A – Affidavit of David Duke). Duke did not purposefully transact any business in Ohio in relation to the Unite the Right rally. (Exhibit A – Affidavit of David Duke). Duke did not purposefully cause tortious injury by an act of commission or omission in Ohio in relation to the Unite the Right rally. (Exhibit A – Affidavit of David Duke). Duke does not regularly engage in or solicit business in a persistent course of conduct in Ohio. (Exhibit A – Affidavit of David Duke). When Duke attended the Unite the Right rally in Virginia, he did so without reasonably expecting to be sued in Ohio. (Exhibit A – Affidavit of David Duke). Duke did not purposefully network with people known to Duke to be in Ohio in preparation for the Unite the Right rally. (Exhibit A – Affidavit of David Duke). Duke

---

[1] This is a combined Fed. R. Civ. P. 12(b)(2) and 12(b)(6) motion. Affidavits can be submitted in support of 12(b)(2) motions but not 12(b)(6) motions. The Court should only consider the Affidavit of David Duke in relation to the 12(b)(2) portion of this Motion but not the 12(b)(6) aspect of it.

did not purposefully direct his conduct in any way whatsoever towards Ohio in relation to the Unite the Right rally. (Exhibit A – Affidavit of David Duke). Prior to Plaintiff suing Duke, Duke had never even heard of Plaintiff and Duke did not know that Plaintiff was a resident of Ohio. (Exhibit A – Affidavit of David Duke). Duke disavows violence and did not act in a manner with anyone so as to promote injury to anyone in Ohio in relation to the Unite the Right rally. (Exhibit A – Affidavit of David Duke).

For the reasons set forth *infra*, the Court lacks personal jurisdiction over Duke and Plaintiff's claims against Duke are time-barred.

## IV. LAW & ARGUMENT

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) may be joined with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Fed. R. Civ. P. 12(g)(1).

## A. PLAINTIFF'S CLAIMS AGAINST DUKE MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(2)

## 1. STANDARD OF REVIEW

As was succinctly articulated in *Binion v. O'Neal*, 95 F.Supp.3d 1055 (E.D. Mich. 2015), concerning the standard of review for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2):

> A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) tests the court's personal jurisdiction over the defendant. The plaintiff bears the burden of establishing that personal jurisdiction exists. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). The Sixth Circuit has clearly outlined the procedure for determining personal jurisdiction in Fed.R.Civ.P. 12(b)(2) challenges. *Dean v. Motel 6 Operating, L.P.*, 134 F.3d 1269, 1271-72 (6th Cir. 1998). When considering a motion under Rule 12(b)(2), a court has three choices: (1) rule on the motion based on the affidavits submitted by the parties, (2) permit discovery in aid of the motion, or (3) conduct an evidentiary hearing on the merits of the motion. *See Dean*, 134 F.3d at 1272. When a court rules on a 12(b)(2) motion to dismiss without an evidentiary hearing, the complaint and affidavits are considered in a light most favorable to the plaintiff. *Id.*

*Binion*, 95 F.Supp.3d at 1058.  See also *Air Prod. & Controls, Inc. v. Safetech, Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007).

"In diversity cases, federal courts apply the law of the forum state to determine whether personal jurisdiction exists." *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 678 (6th Cir. 2012) (quoting *Nationwide Mut. Ins. Co. v. Tryg Int'l. Ins. Co.*, 91 F.3d 790, 793 (6th Cir. 1996)).  "In response to a motion to dismiss, the plaintiff may not stand on his pleadings, but must show the specific facts demonstrating that the court has jurisdiction." *Miller*, 694 F.3d at 678 (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

## 2.  PRINCIPAL POINT OF ARGUMENT

The Court does not enjoy personal jurisdiction over Duke, who is a resident and domiciliary of Louisiana and who lacks minimum contacts with Ohio.  (Exhibit A – Affidavit of David Duke).

Ohio's jurisdictional "long-arm" statute is "not coterminous with federal constitutional limits.  Thus, 'to establish a prima facie case of personal jurisdiction, a plaintiff must demonstrate that (1) Ohio's long-arm statute has been satisfied and (2) exercising jurisdiction would comport with the Due Process Clause of the Fourteenth Amendment." *Schneider v. Hardesty*, 699 F.3d 693, 700 (6th Cir. 2012) (quoting *Estate of Thompson*, 545 F.3d 357, 361 (6th Cir. 2008)).

Under Ohio law, "a court may exercise personal jurisdiction over a non-resident only if specific jurisdiction can be found under one of the enumerated bases in Ohio's long-arm statute." *Conn v. Zakharov*, 667 F.3d 705, 717-18 (6th Cir. 2012).  Ohio's long-arm statute is O.R.C. § 2307.382, which states:

> (A)  A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> > (1)  Transacting any business in this state;
> >
> > (2)  Contracting to supply services or goods in this state;

(3)     Causing tortious injury by an act or omission in this state;

(4)     Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(5)     Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(6)     Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

(7)     Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity.

(8)     Having an interest in, using, or possessing real property in this state;

(9)     Contracting to insure any person, property, or risk located within this state at the time of contracting.

* * *

(C)     When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

In the instant case, not a single basis under Ohio's long-arm statute exists for the Court to be permitted to exercise jurisdiction over Duke; to wit:  (1) Duke does not transact business in Ohio which is related to Plaintiff's causes of action against Duke; (2) Duke did not contract to supply services or goods to Plaintiff which give rise to Plaintiff's claims against Duke; (3) Duke

8

did not cause tortious injury to Plaintiff while Duke was in Ohio; (4) Duke does not regularly

engage in or solicit business in Ohio; (5) Duke did not breach a warranty made by Duke to Plaintiff;

(6) Duke did not engage in misconduct that was committed with the purpose of injuring Plaintiff

in Ohio; (7) Duke did not engage in a conspiracy concerning Ohio; (8) Duke does not have real

property in Ohio; and (8) Duke did not enter into an insurance contract of any kind in Ohio.

Notwithstanding Ohio's long-arm statute not affording the Court personal jurisdiction over

Duke, the Court also lacks personal jurisdiction over Duke due to the Due Process Clause of the

Fourteenth Amendment to the United States Constitution. As was articulated about this in *Binion*,

> "A federal court's exercise of personal jurisdiction in a diversity of citizenship case
> must be both (1) authorized by the law of the state in which it sits, and (2) in
> accordance with the Due Process Clause of the Fourteenth Amendment." *Neogen
> Corp.*, 282 F.3d at 888 (citation omitted).

> * * *

> The court's jurisdiction comports with due process "when defendant has sufficient
> minimum contacts such that traditional notions of fair play and substantial justice
> are not offended." *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005).
> The Sixth Circuit uses a three-part test in determining whether, consistent with due
> process, a court may exercise limited personal jurisdiction: (1) the defendant must
> purposefully avail himself of the privilege of acting in the forum state or causing a
> consequence to occur there; (2) the cause of action must arise from the defendant's
> activities in the forum state; and (3) the defendant's acts or the consequences caused
> by the defendant must have a substantial enough connection with the forum state to
> make the exercise of jurisdiction over him reasonable. *So. Machine Co. v. Mohasco
> Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). There is an inference that the
> exercise of jurisdiction is reasonable where the first two elements have been
> satisfied. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1268 (6th Cir. 1996).

> To establish purposeful availment, the defendant must perform some act whereby
> the defendant purposefully avails himself of the privilege of doing business in the
> forum state. *Burger King v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85
> L.Ed.2d 528 (1985). There must be a substantial connection between the
> defendant's conduct and the state such that the defendant "should reasonably
> anticipate being hauled into court there." *Id*. at 474. As the Supreme Court recently
> stated, "[t]he principal inquiry in cases of this sort is whether the defendant's
> activities manifest an intention to submit to the power of a sovereign." *J. McIntyre
> Mach., Ltd. v. Nicastro*, 131 S.Ct. 2780, 2783, 180 L.Ed.2d 765 (2011).

*Binion*, 95 F.Supp.3d at 1059-60.

In the instant case, Duke does not have sufficient minimum contacts with Ohio such that the traditional notions of fair and play substantial justice would not be offended for Duke to be sued in Ohio.  Duke resides in Louisiana and attended the Unite the Right rally in Virginia—suing Duke in Ohio just because Plaintiff resides in Ohio and some of the other rallygoers happen to be affiliated with Ohio to varying degrees is insufficient for Duke to be hauled into court in Ohio.

Simply said, Duke did not purposefully avail himself of the privilege of acting in Ohio or causing a consequence to occur in Ohio, Plaintiff's claims against Duke arise from Duke's activities in Louisiana and/or Virginia—not Ohio—, and Duke's alleged acts or the consequences caused by Duke's alleged acts do not have a substantial connection with Ohio to make the exercise of jurisdiction over Duke in Ohio whatsoever reasonable.  (Exhibit A – Affidavit of David Duke).

In *Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 508 (6th Cir. 2014), it was noted that "[T]he Supreme Court has emphasized that only consequences that proximately result from a party's contacts with a forum state will give rise to jurisdiction."  In the instant case, the Unite the Right rally occurred in Virginia and Plaintiff's alleged original injuries occurred in Virginia during said rally.  No actionable act of commission or omission of Duke is even remotely proximately related to Ohio.

It should be noted that Plaintiff alleges that this Court enjoys personal jurisdiction over Duke because the defendants allegedly used telecommunications devices which are accessible in Ohio.  (Dkt. 1, PageId. 4, ¶ 8).  This, however, does not constitute minimum contacts sufficient for the Court to constitutionally enjoy personal jurisdiction over Duke.

In *Vangheluwe v. GOT News, LLC*, 365 F.Supp.3d 850 (E.D. Mich. 2019), the trial court dealt with the issue of to what extent minimum contacts can be said to exist in the context of

defendants using telecommunications devices to post commentary online about the Unite the Right rally. The *Vangheluwe* court noted that the Internet user's "conduct must have involved the plaintiff's state in some additional way" in order for minimum contacts to exist. *Id.* at 857-858. Quoting *Walden v. Fiore*, 571 U.S. 277 (2014), the *Vangheluwe* court noted that "mere injury to a forum resident is not a sufficient connection to the forum." *Id*. at 858.

In the instant case, Duke's involvement in the Unite the Right rally lacks an Ohio focus. See *Vangheluwe*, 365 F.Supp.3d at 864 (noting that the allegedly tortious conduct of a defendant who resides in Wisconsin lacked a "Michigan focus" for the defendant to be sued in Michigan).

### 3. CONCLUSION

For the reasons set forth herein, the Court does not enjoy personal jurisdiction over Duke and Duke is entitled to dismissal of the instant civil action as it relates to him pursuant to Fed. R. Civ. P. 12(b)(2).

## B. PLAINTIFF'S CLAIMS AGAINST DUKE MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)

### 1. STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must construe the plaintiff's complaint in the light most favorable to the plaintiff and must accept as true all the factual allegations contained in the complaint. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008).

In order to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the plaintiff's complaint need contain only "enough facts to state a claim for relief that is plausible on its face." *Bell A. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*,

550 U.S. at 557). "Determining whether a complaint states a plausible claim for relief will * * * be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## 2. PRINCIPAL POINT OF ARGUMENT

The Unite the Right rally occurred on August 12, 2017, and Plaintiff's Complaint was filed on May 17, 2019. (Dkt. 1, PageId. 2, ¶ 1). One year, nine months, and five days have elapsed between the date of said rally and the date Plaintiff got around to filing Plaintiff's Complaint.

Plaintiff's Complaint includes numerous counts against a myriad of named and unnamed defendants—including 1,000 John Does and 1,000 Jane Does—, but only three of the claims have been pled against Duke: Count IV (common law civil conspiracy), Count V (incitement to violence), and Count VI (terrorism). (Dkt. 1, PageId. 54-58). Count V and Count VI are based upon O.R.C. § 2307.60, which permits any person injured by a criminal act to recover money damages in a civil action.

O.R.C. § 2307.60, however, is a penalty statute which is subject to the one-year statute of limitations codified by O.R.C. § 2305.11(A). See *Marquardt v. Carlton*, Case No. 1:18-cv-333 (N.D. Ohio, April 2, 2019)[2]:

> Ohio courts have consistently held that claims brought under O.R.C. § 2307.60(A)(1) are subject to a one-year statute of limitations, because the statute "contemplates a penalty." *State ex rel. Cty. of Cuyahoga v. Jones Lang Lasalle Great Lakes Co.*, 2017-Ohio-7727, 131, 2017 WL 4177024, at *24 (Ohio App. 8 Dist. 2017) (finding that O.R.C. § 2307.60 "is subject to the one-year statute of limitations in R.C. 2305.11(A)[]"); *see also Gray v. Newman*, 2008-Ohio-1076, 26, 2008 WL 660552, at *5 (Ohio App. 8 Dist. 2008) (dissent) (emphasizing that actions under O.R.C. § 2307.60 are "plainly barred" by a one-year statute of limitations); *see also Duffey v. Pope*, 2012 WL 4442753, at *7 (S.D. Ohio 2012) (noting that Ohio courts "clearly hold that Ohio Revised Code § 2307.60 is a penalty statute and is subject to the one year statute of limitations found in § 2305.11(A)[]").

---

[2] This Opinion is attached as Exhibit B to this Motion.

Plaintiff's Complaint was filed nine months and five days too late to plead claims which invoke O.R.C. § 2307.60.  Thus, Plaintiff's Counts V and VI against Duke are meritless and must be dismissed, and the only claim against Duke which now remains to be analyzed for purposes of Duke's Motion to Dismiss is Plaintiff's claim for civil conspiracy.

Plaintiff's claim for civil conspiracy, however, is based upon the defendants—Duke included—allegedly conspiring to cause tortious injury to Plaintiff which is actionable pursuant to O.R.C. § 2307.60.  (Dkt. 1, PageID. 54, ¶ 189) ("Defendants unlawfully * * * conspired * * * to * * * engage in * * * the incitement, promotion, and sponsoring of violent acts and terrorism[.]").  However, since Plaintiff's claims which invoke O.R.C. § 2307.60 are time-barred, so too is Plaintiff's claim for civil conspiracy insofar as a civil conspiracy claim cannot succeed without an underlying unlawful and actionable act.  See *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 475, 700 N.E.2d 859 (Ohio S. Ct. 1998); *Ford Motor Credit Co. v. Jones*, 2009-Ohio-3298, ¶¶ 24-25 (Ohio App. 8th Dist. 2009):

> {¶ 24} But, as this court stated in *Cully v. St. Augustine Manor* (Apr. 20, 1995), 8th Dist. No. 67601, "[a] claim for conspiracy cannot be made [the] subject of a civil action unless something is done which, in the absence of the conspiracy allegations, would give rise to an independent cause of action. Thus, the applicable statute of limitations for the underlying cause of action applies to the civil conspiracy charge." (Internal citations omitted.)

> {¶ 25} This same principle was more recently applied in *West v. Kysela, D.D.S., Inc.* (Jan. 13, 2000), 8th Dist. No. 75594, wherein this court affirmed the trial court's grant of summary judgment in favor of appellees on appellant's conspiracy to commit defamation claim because appellant had not commenced suit within the applicable statute of limitations for the underlying defamation claim.

As was also articulated in *Stainbrook v. Ohio Secretary of State*, 2017-Ohio-1526, 88 N.E.3d 1257, ¶ 40 (Ohio App. 10th Dist. 2017):

> The statute of limitations for a conspiracy claim depends on the question of "conspiracy to do what?"  An underlying unlawful act is required for a civil conspiracy claim to succeed.  *Williams v. Aetna Fin. Co.,* 83 Ohio St.3d 464, 475,

13

1998-Ohio-294, 700 N.E.2d 859 (1998).  To establish liability, plaintiff must prove that an unlawful overt act produced an injury and damages.  *Halberstam v. Welch,* 705 F.2d 472, 477, 227 U.S.App.D.C. 167 (D.C. Cir. 1983).  The "what" here was to do things governed by a one-year statute of limitations and, as stated above, Stainbrook can prove no unlawful act.  Any alleged conspiracy would be outside the statute of limitations.

Since Plaintiff cannot sue Duke for terrorism or incitement to violence because said claims are time-barred, Plaintiff likewise cannot sue Duke for allegedly conspiring to engage in terrorism or incitement to violence.  Plaintiff's entire case against Duke is meritless, if not frivolous.[3]

### 3.  CONCLUSION

For the reasons set forth herein, Plaintiff's Complaint does not allege a viable cause of action against Duke and Duke is therefore entitled to dismissal of the instant civil action as it relates to him pursuant to Fed. R. Civ. P. 12(b)(6).

### V.  CONCLUSION

For the reasons set forth herein, either the Court must dismiss the instant civil action against Duke pursuant to Fed. R. Civ. P. 12(b)(2) on the basis that it does not enjoy personal jurisdiction over him, or alternatively, the Court must dismiss the instant civil action against Duke pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that Plaintiff's Complaint does not aver a cognizable claim against Duke with averments of fact in support thereof.

---

[3] Based upon the grandstanding nature of the colorful allegations of Plaintiff's Complaint and the number of news articles that have been written about the instant civil action—some of which include commentary from Plaintiff's attorney—, it appears that the case at bar is nothing more than a publicity stunt, which is an improper purpose to bring forth and litigate time-barred claims as far as Fed. R. Civ. P. 11 is concerned.

Respectfully submitted,

**REO LAW, LLC**


/s/ Bryan A. Reo

Bryan A. Reo, Esq.
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811
(E):  reo@reolaw.org
Ohio Law License - #0097470
*Lead Trial Attorney for David Duke*

Dated:  August 19, 2019


**BRISTOW LAW, PLLC**


/s/ Kyle J. Bristow

Kyle J. Bristow, Esq.
P.O. Box 381164
Clinton Twp., MI 48038
(T):  (248) 838-9934
(F):  (586) 408-6384
(E):  bristowlaw@gmail.com
Michigan Law License - P77200
Ohio Law License - #0089543
*Co-Counsel for David Duke*

Dated:  August 19, 2019

# **EXHIBIT A**
# **AFFIDAVIT OF DAVID DUKE**

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

WILLIAM BURKE,

      Plaintiff,

   v.

JAMES ALEX FIELDS JR., ET AL.,

      Defendants.

Case No. 2:19-cv-02006-MHW-EPD

Hon. Michael H. Watson

Mag. Elizabeth A. Preston Deavers

## AFFIDAVIT OF DAVID DUKE
## (MADE PURSUANT TO 28 U.S.C. § 1746(2))

I am a named defendant in the above-captioned civil action.

I am a resident of Louisiana.

I do not have an interest in, use, or possess real property in Ohio.

The August 12, 2017, Unite the Right rally occurred in Virginia.

I have not purposefully transacted any business in Ohio in relation to the Unite the Right rally.

I have not purposefully caused tortious injury by an act of commission or omission in Ohio in relation to the Unite the Right rally.

I have not regularly engaged in or solicited business in a persistent course of conduct in Ohio in relation to the Unite the Right rally.

When I attended the Unite the Right rally, I did so without reasonably expecting to be sued in Ohio.

I did not purposefully network with people known to me to be in Ohio in preparation for the Unite the Right rally.

I have not purposefully directed my conduct in any way whatsoever towards Ohio in relation to the Unite the Right rally.

Prior to William Burke filing suit against me, I had never heard of Mr. Burke and was unfamiliar with him being a resident of Ohio.

I condemn and disavow violence and did not act in a manner with anyone so as to promote injury to anyone in Ohio—or elsewhere—in relation to the Unite the Right rally.

I have personal knowledge of the facts and matters stated herein and I am competent to testify as such if called as a witness before any court of law.

Pursuant to 28 U.S.C. § 1746(2), I declare under the penalty of perjury that the foregoing

is true and correct.  Executed on August 19, 2019.

_____

David Earnest Duke
*Affiant*

# <u>EXHIBIT B</u>
## *Marquardt v. Carlton*, Case No. 1:18-cv-333 (N.D. Ohio, April 2, 2019)

**JAMIE MARQUARDT, Plaintiff**

**v.**

**NICOLE CARLTON, et al., Defendants**

**No. 1:18 CV 333**

**United States District Court, N.D. Ohio, Eastern Division**

**April 2, 2019**

**ORDER**

SOLOMON OLIVER, JR., JUDGE

Currently pending before the court in the above-captioned case is Defendants Nicole Carlton ("Carlton") and the City of Cleveland (collectively, "Defendants") Motion for Partial Judgment on the Pleadings (ECF No. 15) on Counts 2, 3, and 4 of Plaintiff Jamie Marquardt ("Marquardt" or "Plaintiff") claims against them. For the following reasons, Defendants' Motion is granted.

## I. BACKGROUND

On February 12, 2018, Marquardt, a former EMS captain for the City of Cleveland, initiated this action against the Emergency Medical Services ("EMS") Commission and the City of Cleveland for firing him because of the content of two Facebook posts that the city officials concluded he authored relating to the fatal shooting of Tamir Rice. (Compl., ¶¶ 21-29.) Plaintiff maintains that he discovered the following posts on his Facebook on February 14, 2016:

Post No. 1: Let me be the first on record to have the balls to say Tamir Rice should have been shot and I am glad he is dead. I wish I was in the park that day as he terrorized innocent patrons by pointing a gun at them walking around acting bad I am upset I did not get the chance to kill the criminal fucker.

Post No. 2: Stop Kevin. How would you feel if you were walking in the park and some ghetto rat pointed a gun in your face. [sic] Would you look to him as a hero? Cleveland sees this felony [sic] hood rat as a hero. . ."

(*Id.* at ¶ 28.)

Plaintiff vehemently denies that he authored and posted this message to his Facebook page. According to Plaintiff, after a long night of attending to and comforting a friend, he woke up to several text messages referencing the Facebook post on his page. (*Id.* at ¶¶ 15-22.) Plaintiff alleges that he

"immediately deleted the post" and, "in a separate post, he wrote that someone had made some awful posts under his name and disavowed their content." (*Id.* at ¶ 23.) Plaintiff then, on his own accord, informed the Commissioner of EMS, Carlton, of the posts, explaining that he did not create the posts and that the "posts did not reflect his beliefs." (*Id.* at 24.)

Carlton initiated an investigation into Plaintiff's Facebook posts, and Plaintiff fully cooperated. (*Id.* at 26.) After a month of investigation, on March 16, 2016, Carlton terminated Plaintiff's employment with the City of Cleveland. According to Plaintiff, his termination was "based solely on the content of the Facebook posts." (*Id.* at 27.)

In his Complaint, Plaintiff asserts seven claims against Defendants. Counts 1, 6 and 7 alleges violations of the First and Fourteenth Amendments of the United States Constitution. (*Id.* at ¶¶ 31, 52, and 55.) Count 5 asserts a state law claim for negligent training. (*Id.* at ¶ 49.) Finally, and relevant to this Order, Plaintiff alleges Defendants violated: (1) Cleveland Cod. Ord § 171.49-Employees' Right to Free Expression (Count 2); (2) Cleveland Cod. Ord. § 615.13-Interfering with Civil Rights (Count 3); and (4) O.R.C. § 2921.45-Interfering with Civil Rights (Count 4). Plaintiff bring these claims (Counts 2, 3, and 4) pursuant to O.R.C. § 2607.60, which grants a plaintiff a civil cause of action for injuries sustained as a result of a defendant's violation of a criminal law. (*Id.* at ¶¶ 34, 39, and 44.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." The standard of review for a motion for judgment on the pleadings is the same as a motion to dismiss for failure to state a claim for relief under Rule 12(b)(6). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

The Supreme Court clarified the law in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), regarding what the plaintiff must plead in order to survive a Rule 12(b)(6) motion. When determining whether the plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Additionally, even though a complaint need not

contain "detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level&hellip;on the assumption that all allegations in the complaint are true." *Id.*

The Court, in *Iqbal*, further explained the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678. Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.*

## III. LAW AND ANALYSIS

In support of their Motion for Judgment on the Pleadings on Counts 2, 3, and 4 of Plaintiff's Complaint, Defendants proffer two arguments. First, they contend that claims brought pursuant to O.R.C. § 2307.60 have a one-year statute of limitations and thus, because Plaintiff filed his Compliant well over one year from when the cause of action accrued, his claims are time-barred. In the alternative, Defendants argue that, to maintain a claim under O.R.C. § 2307.60, Defendants must have first been convicted of the crimes alleged in the Complaint. In opposition, Plaintiff contends that a six-year statute of limitations applies to claims brought under O.R.C. § 2307.60, and that a criminal conviction is not necessary to sustain a claim under the statute.

Under Ohio law, "an action upon. . . a liability created by statute *other than a forfeiture or penalty*, shall be brought within six years after the cause thereof accrued." O.R.C. § 2305.07(emphasis added). In contrast, O.R.C. § 2305.11(A) provides for a one-year statute of limitations for "an action upon a statute for a penalty or forfeiture." *Cleveland Mobile Radio Sales, Inc. v. Verizon Wireless*, 865 N.E.2d 1275, 1277 (Ohio 2007). Therefore, the issue of whether Plaintiff's claims are time-barred turns on whether O.R.C. §§ 2307.60(A)(1) is a penalty or forfeiture statute.

O.R.C. § 2307.60(A)(1) provides that, "[a]nyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law, may recover the costs of maintaining the civil action and attorney's fees[, ]. . . and may recover punitive or exemplary damages. . . ." Acknowledging that damages statutes can have both a "compensatory side that serves remedial purposes as well as 'punitive objectives, '" the Ohio Supreme Court explained that when "undertaking the inquiry into whether the statute is remedial or punitive, " courts "must determine whether the primary purpose of the statute is to penalize or to remedy and compensate." *Cleveland Mobile Radio Sales, Inc.*, 865 N.E.2d at 1279 (quoting *Cook Cty., Ill. v. United States ex rel. Chandler*,

538 U.S. 119, 130 (2003)). In doing so, a court must "look to the methods used by the General Assembly to accomplish the goals and overall purpose of the statutory scheme." *Id.* With this framework available, Ohio courts have consistently held that claims brought under O.R.C. § 2307.60(A)(1) are subject to a one-year statute of limitations, because the statute "contemplates a penalty." *State ex rel. Cty. of Cuyahoga v. Jones Lang Lasalle Great Lakes Co.*, 2017 -Ohio- 7727, 131, 2017 WL 4177024, at *24 (Ohio App. 8 Dist. 2017) (finding that O. R. C. § 2307.60 "is subject to the one-year statute of limitations in R.C. 2305.11(A)[]"); *see also Gray v. Newman*, 2008 -Ohio- 1076, 26, 2008 WL 660552, at *5 (Ohio App. 8 Dist. 2008) (dissent) (emphasizing that actions under O.R.C. § 2307.60 are "plainly barred" by a one-year statute of limitations); *see also Duffey v. Pope*, 2012 WL 4442753, at *7 (S.D. Ohio 2012) (noting that Ohio courts "clearly hold that Ohio Revised Code § 2307.60 is a penalty statute and is subject to the one year statute of limitations found in § 2305.11(A)[]").

Plaintiff argues that the Ohio Supreme Court's holding in *Jacobson v. Kaforey* requires that O.R.C. § 2307.60(A)(1) be viewed as a remedial statute. 75 N.E.3d 203, 206 (Ohio 2016). This argument is not well-taken. In *Jacobson*, the Ohio court explicitly stated that its holding was limited to "answering the certified-conflict question"-whether O.R.C. § 2307.60(A) creates a stand-alone civil cause of action for injuries resulting from a criminal act. *Id.* The court emphasized that "[a]ny ensuing issues regarding how the statute operates. . .[were] beyond the scope of [the] appeal." *Id.* Therefore, *Jacobson* is not helpful here.

Plaintiff has not cited, and the court has not identified, a single case that has applied the six-year statute of limitations to § 2307.60(A)(1) claims. Consequently, the court finds that the applicable statute of limitations for claims brought under O.R.C. § 2307.60(A)(1) is the one-year period identified in O.R.C. § 2305.11(A).

Under Ohio's discovery rule, "the statute of limitations begins to run when the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered a possible cause of action." *Id.* In his Complaint, Plaintiff establishes that he was terminated on March 16, 2016; however, he filed his Complaint in this court on February 12, 2018. Plaintiff does not dispute that his claims accrued more than a year before he filed them, nor does he argue that they are subject to equitable or other tolling provisions. Consequently, because Plaintiff's claims, brought under O.R.C. § 2307.60(A)(1), are time-barred, Defendants Motion is granted.

Having found that Plaintiff's claims are time-barred, it is unnecessary for the court to address the merits of Defendants' second argument, regarding whether a criminal

conviction is required before a plaintiff can pursue a claim under O.R.C. § 2307.60(A)(1).

**IV. CONCLUSION**

For the foregoing reasons, the court grants Defendants' Motion for Partial Judgment on the Pleadings (ECF No.15) on Count 2 (Employees' Right to Free Expression), Count 3 (Interfering with Civil Rights), and Count 4 (Interfering with Civil Rights) of Plaintiff's Complaint.

IT IS SO ORDERED.

## <u>CERTIFICATE OF SERVICE</u>

I, Kyle J. Bristow, affirm that I am an attorney of record for a party to the above-captioned civil action, and on August 19, 2019, I electronically filed this document with the Clerk of the Court by using the Court's Electronic Filing System, which should send notification of said filing to all attorneys of record who are registered to receive such electronic service for the instant civil action.  Specifically, notice should be served upon Attorney Michael Frandin via electronic mail at <mike@frandinlaw.com>, upon Attorney James E. Kolenich at <jek318@gmail.com>, and upon Attorney Bryan A. Reo at <reo@reolaw.org>.

/s/ Kyle J. Bristow
Kyle J. Bristow, Esq.
P.O. Box 381164
Clinton Twp., MI 48038
(T):  (248) 838-9934
(F):  (586) 408-6384
(E):  bristowlaw@gmail.com
Michigan Law License - P77200
Ohio Law License - #0089543
*Co-Counsel for David Duke*

Dated:  August 19, 2019