# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **WILLIAM BURKE,** | Case No. 2:19-cv-02006-MHW-EPD |
| Plaintiff, | Hon. Michael H. Watson |
| v. | Mag. Elizabeth A. Preston Deavers |
| **JAMES ALEX FIELDS JR., ET AL.,** | |
| Defendants. | |

## DEFENDANT DAVID DUKE'S SECOND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2)

NOW COMES Defendant David Duke ("Duke"), by and through Attorney Kyle J. Bristow and Attorney Bryan A. Reo, and hereby propounds upon the Parties of the instant civil action and this Honorable Court Defendant David Duke's Second Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(2):

1. The Court lacks personal jurisdiction over Duke and the case should therefore be dismissed against Duke in accordance with Fed. R. Civ. P. 12(b)(2) for the reasons set forth in the attached Brief.

WHEREFORE, Duke prays that this Honorable Court will dismiss the instant civil action against Duke.

Respectfully submitted,

**REO LAW, LLC**

/s/ Bryan A. Reo
Bryan A. Reo, Esq.
P.O. Box 5100
Mentor, OH 44061
(T): (216) 505-0811
(E): reo@reolaw.org
Ohio Law License - #0097470
*Lead Trial Attorney for David Duke*

Dated: September 10, 2019

**BRISTOW LAW, PLLC**

/s/ Kyle J. Bristow
Kyle J. Bristow, Esq.
P.O. Box 381164
Clinton Twp., MI 48038
(T): (248) 838-9934
(F): (586) 408-6384
(E): bristowlaw@gmail.com
Michigan Law License - P77200
Ohio Law License - #0089543
*Co-Counsel for David Duke*

Dated: September 10, 2019

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **WILLIAM BURKE,** | Case No. 2:19-cv-02006-MHW-EPD |
| Plaintiff, | Hon. Michael H. Watson |
| v. | Mag. Elizabeth A. Preston Deavers |
| **JAMES ALEX FIELDS JR., ET AL.,** | |
| Defendants. | |

**DEFENDANT DAVID DUKE'S BRIEF IN SUPPORT OF HIS SECOND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2)**

**TABLE OF CONTENTS**

I. INDEX OF AUTHORITIES ............................................................................................ 2
II. CONCISE STATEMENT OF ISSUES PRESENTED ............................................. 4
III. STATEMENT OF FACTS .......................................................................................... 5
IV. LAW & ARGUMENT ................................................................................................. 6
   A. PLAINTIFF'S CLAIMS AGAINST DUKE MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(2) ........................................................................................ 6
      1. STANDARD OF REVIEW .................................................................................. 6
      2. PRINCIPAL POINT OF ARGUMENT ............................................................... 7
V. CONCLUSION ............................................................................................................ 11

# I. INDEX OF AUTHORITIES

**CASE LAW**

*Air Prod. & Controls, Inc. v. Safetech, Int'l, Inc.*, 503 F.3d 544 (6th Cir. 2007) .................. 6

*Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499 (6th Cir. 2014) ............ 10

*Binion v. O'Neal*, 95 F.Supp.3d 1055 (E.D. Mich. 2015) ................................................. 6, 9

*Burger King v. Rudzewicz*, 471 U.S. 462 (1985) ................................................................. 9

*CompuServe, Inc. v. Patterson*, 89 F.3d 1257 (6th Cir. 1996) ............................................. 9

*Conn v. Zakharov*, 667 F.3d 705 (6th Cir. 2012) ................................................................. 7

*Dean v. Motel 6 Operating, L.P.*, 134 F.3d 1269 (6th Cir. 1998) ......................................... 6

*Estate of Thompson*, 545 F.3d 357 (6th Cir. 2008) ............................................................. 7

*Intera Corp. v. Henderson*, 428 F.3d 605 (6th Cir. 2005) ................................................... 9

*J. McIntyre Mach., Ltd. v. Nicastro*, 131 S.Ct. 2780 (2011) ............................................... 9

*Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675 (6th Cir. 2012) ....................................... 7

*Nationwide Mut. Ins. Co. v. Tryg Int'l. Ins. Co.*, 91 F.3d 790 (6th Cir. 1996) ..................... 7

*Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883 (6th Cir. 2002) ........................ 6, 9

*Schneider v. Hardesty*, 699 F.3d 693 (6th Cir. 2012) ......................................................... 7

*So. Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374 (6th Cir. 1968) ...................... 9

*Theunissen v. Matthews*, 935 F.2d 1454 (6th Cir. 1991) ..................................................... 7

*Vangheluwe v. GOT News, LLC*, 365 F.Supp.3d 850 (E.D. Mich. 2019) ..................... 10-11

**STATUTORY LAW**

O.R.C. § 2307.382 .................................................................................................................. 7

**CONSTITUTIONAL LAW**

Fourteenth Amendment to the United States Constitution ................................................ 7, 9

**COURT RULES**

Fed. R. Civ. P. 12(b)(2) ........................................................................................4-6, 11

## II. CONCISE STATEMENT OF ISSUES PRESENTED

1. Whether the Court should dismiss the instant civil action against Defendant David Duke ("Duke") pursuant to Fed. R. Civ. P. 12(b)(2) on the basis that the Court lacks personal jurisdiction over him.

    Plaintiff's Anticipated Response:    "No."

    Duke's Response:    "Yes."

## III. STATEMENT OF FACTS

On August 12, 2017, people of various far-right political persuasions rallied in Charlottesville, Virginia, in what has been dubbed the "Unite the Right" rally. (Dkt. 25, PageId. 228, ¶ 4). During the rally, James Alex Fields, Jr., drove a car into protesters of various far-left political persuasions, and Plaintiff was allegedly injured therefor. (Dkt. 25, PageId. 227, ¶ 2). Duke is alleged by Plaintiff to have participated in the Unite the Right rally. (Dkt. 25, PageId. 15, ¶ 32; PageId. 239, ¶ 32).

Plaintiff is a resident and domiciliary of Athens, Ohio. (Dkt. 25, PageId. 227, ¶ 2).

On May 17, 2019, Plaintiff filed Plaintiff's Complaint against Duke and over two thousand other named and unnamed defendants. (Dkt. 1, PageId. 2, ¶ 1). On August 19, 2019, Duke filed Defendant David Duke's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). (Dkt. 16, PageId. 179-204). In response to said Motion, Plaintiff filed Plaintiff's First Amended Complaint. (Dkt. 25, PageId. 226-285).

Duke is a resident and domiciliary of Louisiana. (Exhibit A – Affidavit of David Duke). Duke does not have an interest in, use, or possess real property in Ohio. (Exhibit A – Affidavit of David Duke). Duke did not purposefully transact any business in Ohio in relation to the Unite the Right rally. (Exhibit A – Affidavit of David Duke). Duke did not purposefully cause tortious injury by an act of commission or omission in Ohio in relation to the Unite the Right rally. (Exhibit A – Affidavit of David Duke). Duke does not regularly engage in or solicit business in a persistent course of conduct in Ohio. (Exhibit A – Affidavit of David Duke). When Duke attended the Unite the Right rally in Virginia, he did so without reasonably expecting to be sued in Ohio. (Exhibit A – Affidavit of David Duke). Duke did not purposefully network with people known to Duke to be in Ohio in preparation for the Unite the Right rally. (Exhibit A – Affidavit of David Duke). Duke

did not purposefully direct his conduct in any way whatsoever towards Ohio in relation to the Unite the Right rally. (Exhibit A – Affidavit of David Duke). Prior to Plaintiff suing Duke, Duke had never even heard of Plaintiff and Duke did not know that Plaintiff was a resident of Ohio. (Exhibit A – Affidavit of David Duke). Duke disavows violence and did not act in a manner with anyone so as to promote injury to anyone in Ohio in relation to the Unite the Right rally. (Exhibit A – Affidavit of David Duke).

For the reasons set forth *infra*, the Court lacks personal jurisdiction over Duke and Plaintiff's claims against Duke are time-barred.

### IV. LAW & ARGUMENT

### A. PLAINTIFF'S CLAIMS AGAINST DUKE MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(2)

#### 1. STANDARD OF REVIEW

As was succinctly articulated in *Binion v. O'Neal*, 95 F.Supp.3d 1055 (E.D. Mich. 2015), concerning the standard of review for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2):

> A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) tests the court's personal jurisdiction over the defendant. The plaintiff bears the burden of establishing that personal jurisdiction exists. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). The Sixth Circuit has clearly outlined the procedure for determining personal jurisdiction in Fed.R.Civ.P. 12(b)(2) challenges. *Dean v. Motel 6 Operating, L.P.*, 134 F.3d 1269, 1271-72 (6th Cir. 1998). When considering a motion under Rule 12(b)(2), a court has three choices: (1) rule on the motion based on the affidavits submitted by the parties, (2) permit discovery in aid of the motion, or (3) conduct an evidentiary hearing on the merits of the motion. *See Dean*, 134 F.3d at 1272. When a court rules on a 12(b)(2) motion to dismiss without an evidentiary hearing, the complaint and affidavits are considered in a light most favorable to the plaintiff. *Id.*

*Binion*, 95 F.Supp.3d at 1058. See also *Air Prod. & Controls, Inc. v. Safetech, Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007).

"In diversity cases, federal courts apply the law of the forum state to determine whether personal jurisdiction exists." *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 678 (6th Cir. 2012) (quoting *Nationwide Mut. Ins. Co. v. Tryg Int'l. Ins. Co.*, 91 F.3d 790, 793 (6th Cir. 1996)). "In response to a motion to dismiss, the plaintiff may not stand on his pleadings, but must show the specific facts demonstrating that the court has jurisdiction." *Miller*, 694 F.3d at 678 (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

## 2. PRINCIPAL POINT OF ARGUMENT

The Court does not enjoy personal jurisdiction over Duke, who is a resident and domiciliary of Louisiana and who lacks minimum contacts with Ohio. (Exhibit A – Affidavit of David Duke).

Ohio's jurisdictional "long-arm" statute is "not coterminous with federal constitutional limits. Thus, 'to establish a prima facie case of personal jurisdiction, a plaintiff must demonstrate that (1) Ohio's long-arm statute has been satisfied and (2) exercising jurisdiction would comport with the Due Process Clause of the Fourteenth Amendment." *Schneider v. Hardesty*, 699 F.3d 693, 700 (6th Cir. 2012) (quoting *Estate of Thompson*, 545 F.3d 357, 361 (6th Cir. 2008)).

Under Ohio law, "a court may exercise personal jurisdiction over a non-resident only if specific jurisdiction can be found under one of the enumerated bases in Ohio's long-arm statute." *Conn v. Zakharov*, 667 F.3d 705, 717-18 (6th Cir. 2012). Ohio's long-arm statute is O.R.C. § 2307.382, which states:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

    (1) Transacting any business in this state;

    (2) Contracting to supply services or goods in this state;

    (3) Causing tortious injury by an act or omission in this state;

7

(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity.

(8) Having an interest in, using, or possessing real property in this state;

(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

\* \* \*

(C) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

In the instant case, not a single basis under Ohio's long-arm statute exists for the Court to be permitted to exercise jurisdiction over Duke; to wit: (1) Duke does not transact business in Ohio which is related to Plaintiff's causes of action against Duke; (2) Duke did not contract to supply services or goods to Plaintiff which give rise to Plaintiff's claims against Duke; (3) Duke did not cause tortious injury to Plaintiff while Duke was in Ohio; (4) Duke does not regularly

8

engage in or solicit business in Ohio; (5) Duke did not breach a warranty made by Duke to Plaintiff; (6) Duke did not engage in misconduct that was committed with the purpose of injuring Plaintiff in Ohio; (7) Duke did not engage in a conspiracy concerning Ohio; (8) Duke does not have real property in Ohio; and (8) Duke did not enter into an insurance contract of any kind in Ohio.

Notwithstanding Ohio's long-arm statute not affording the Court personal jurisdiction over Duke, the Court also lacks personal jurisdiction over Duke due to the Due Process Clause of the Fourteenth Amendment to the United States Constitution. As was articulated about this in *Binion*,

> "A federal court's exercise of personal jurisdiction in a diversity of citizenship case must be both (1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Neogen Corp.*, 282 F.3d at 888 (citation omitted).
>
> * * *
>
> The court's jurisdiction comports with due process "when defendant has sufficient minimum contacts such that traditional notions of fair play and substantial justice are not offended." *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). The Sixth Circuit uses a three-part test in determining whether, consistent with due process, a court may exercise limited personal jurisdiction: (1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence to occur there; (2) the cause of action must arise from the defendant's activities in the forum state; and (3) the defendant's acts or the consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over him reasonable. *So. Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). There is an inference that the exercise of jurisdiction is reasonable where the first two elements have been satisfied. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1268 (6th Cir. 1996).
>
> To establish purposeful availment, the defendant must perform some act whereby the defendant purposefully avails himself of the privilege of doing business in the forum state. *Burger King v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). There must be a substantial connection between the defendant's conduct and the state such that the defendant "should reasonably anticipate being hauled into court there." *Id.* at 474. As the Supreme Court recently stated, "[t]he principal inquiry in cases of this sort is whether the defendant's activities manifest an intention to submit to the power of a sovereign." *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S.Ct. 2780, 2783, 180 L.Ed.2d 765 (2011).

*Binion*, 95 F.Supp.3d at 1059-60.

9

In the instant case, Duke does not have sufficient minimum contacts with Ohio such that the traditional notions of fair and play substantial justice would not be offended for Duke to be sued in Ohio. Duke resides in Louisiana and attended the Unite the Right rally in Virginia—suing Duke in Ohio just because Plaintiff resides in Ohio and some of the other rallygoers happen to be affiliated with Ohio to varying degrees is insufficient for Duke to be hauled into court in Ohio.

Simply said, Duke did not purposefully avail himself of the privilege of acting in Ohio or causing a consequence to occur in Ohio, Plaintiff's claims against Duke arise from Duke's activities in Louisiana and/or Virginia—not Ohio—, and Duke's alleged acts or the consequences caused by Duke's alleged acts do not have a substantial connection with Ohio to make the exercise of jurisdiction over Duke in Ohio whatsoever reasonable. (Exhibit A – Affidavit of David Duke).

In *Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 508 (6th Cir. 2014), it was noted that "[T]he Supreme Court has emphasized that only consequences that proximately result from a party's contacts with a forum state will give rise to jurisdiction." In the instant case, the Unite the Right rally occurred in Virginia and Plaintiff's alleged original injuries occurred in Virginia during said rally. No actionable act of commission or omission of Duke—much less "purposeful availment"—took place in Ohio.

It should be noted that Plaintiff alleges that this Court enjoys personal jurisdiction over Duke because the defendants allegedly used telecommunications devices which are accessible in Ohio. (Dkt. 25, PageId. 229, ¶¶ 8-9, 11). This, however, does not constitute minimum contacts sufficient for the Court to constitutionally enjoy personal jurisdiction over Duke.

In *Vangheluwe v. GOT News, LLC*, 365 F.Supp.3d 850 (E.D. Mich. 2019), the trial court dealt—in a case of first impression in the context of doxxing—with the issue of to what extent minimum contacts can be said to exist in the context of defendants using telecommunications

10

devices to post commentary online about the Unite the Right rally.  The *Vangheluwe* court noted that the Internet user's "conduct must have involved the plaintiff's state in some additional way" in order for minimum contacts to exist.  *Id.* at 857-858.  Quoting *Walden v. Fiore*, 571 U.S. 277 (2014), the *Vangheluwe* court noted that "mere injury to a forum resident is not a sufficient connection to the forum." *Id*. at 858.

In the instant case, Duke's involvement in the Unite the Right rally lacks an Ohio focus.  See *Vangheluwe*, 365 F.Supp.3d at 864 (noting that the allegedly tortious conduct of a defendant who resides in Wisconsin lacked a "Michigan focus" for the defendant to be sued in Michigan).

## V.  CONCLUSION

For the reasons set forth herein, the Court should dismiss the instant civil action against Duke pursuant to Fed. R. Civ. P. 12(b)(2) on the basis that it does not enjoy personal jurisdiction over him.

    Respectfully submitted,

    **REO LAW, LLC**

    /s/ Bryan A. Reo
    Bryan A. Reo, Esq.
    P.O. Box 5100
    Mentor, OH 44061
    (T):  (216) 505-0811
    (E):  reo@reolaw.org
    Ohio Law License - #0097470
    *Lead Trial Attorney for David Duke*

Dated:  September 10, 2019

**BRISTOW LAW, PLLC**

                                                            /s/ Kyle J. Bristow
                                                            Kyle J. Bristow, Esq.
                                                            P.O. Box 381164
                                                            Clinton Twp., MI 48038
                                                            (T): (248) 838-9934
                                                            (F): (586) 408-6384
                                                            (E): bristowlaw@gmail.com
                                                            Michigan Law License - P77200
                                                            Ohio Law License - #0089543
                                                            *Co-Counsel for David Duke*

Dated: September 10, 2019

# EXHIBIT A
# AFFIDAVIT OF DAVID DUKE

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **WILLIAM BURKE,** | Case No. 2:19-cv-02006-MHW-EPD |
| Plaintiff, | Hon. Michael H. Watson |
| v. | Mag. Elizabeth A. Preston Deavers |
| **JAMES ALEX FIELDS JR., ET AL.,** | |
| Defendants. | |

## AFFIDAVIT OF DAVID DUKE
## (MADE PURSUANT TO 28 U.S.C. § 1746(2))

I am a named defendant in the above-captioned civil action.

I am a resident of Louisiana.

I do not have an interest in, use, or possess real property in Ohio.

The August 12, 2017, Unite the Right rally occurred in Virginia.

I have not purposefully transacted any business in Ohio in relation to the Unite the Right rally.

I have not purposefully caused tortious injury by an act of commission or omission in Ohio in relation to the Unite the Right rally.

I have not regularly engaged in or solicited business in a persistent course of conduct in Ohio in relation to the Unite the Right rally.

When I attended the Unite the Right rally, I did so without reasonably expecting to be sued in Ohio.

I did not purposefully network with people known to me to be in Ohio in preparation for the Unite the Right rally.

I have not purposefully directed my conduct in any way whatsoever towards Ohio in relation to the Unite the Right rally.

Prior to William Burke filing suit against me, I had never heard of Mr. Burke and was unfamiliar with him being a resident of Ohio.

I condemn and disavow violence and did not act in a manner with anyone so as to promote injury to anyone in Ohio—or elsewhere—in relation to the Unite the Right rally.

I have personal knowledge of the facts and matters stated herein and I am competent to testify as such if called as a witness before any court of law.

Pursuant to 28 U.S.C. § 1746(2), I declare under the penalty of perjury that the foregoing is true and correct. Executed on August 19, 2019.

_____
David Earnest Duke
*Affiant*

# CERTIFICATE OF SERVICE

I, Kyle J. Bristow, affirm that I am an attorney of record for a party to the above-captioned civil action, and on September 10, 2019, I electronically filed this document with the Clerk of the Court by using the Court's Electronic Filing System, which should send notification of said filing to all attorneys of record who are registered to receive such electronic service for the instant civil action. Specifically, notice should be served upon Attorney Michael Frandin via electronic mail at <mike@frandinlaw.com>, upon Attorney James E. Kolenich at <jek318@gmail.com>, and upon Attorney Bryan A. Reo at <reo@reolaw.org>.

/s/ Kyle J. Bristow
Kyle J. Bristow, Esq.
P.O. Box 381164
Clinton Twp., MI 48038
(T): (248) 838-9934
(F): (586) 408-6384
(E): bristowlaw@gmail.com
Michigan Law License - P77200
Ohio Law License - #0089543
*Co-Counsel for David Duke*

Dated: September 10, 2019