IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **MICHAEL BURKE** | : | **CASE: 2:19-CV-2006** |
| Plaintiff, | : | JUDGE WATSON<br>MAG. JUDGE DEAVERS |
| v. | : | **MOTION TO DISMISS** |
| | : | |
| **JAMES ALEX FIELDS et al.** | | |
| Defendants. | : | |
| | : | |

_____

Defendant Traditionalist Worker's Party ("TWP") moves to the dismiss the plaintiff's Amended Complaint under FRCP 12(b)(2), 12(b)(3), and 12(b)(6) for the reasons that follow.

**Introduction**

TWP is sued in Counts Four, Five, Eight, and Nine of the plaintiff's Amended Complaint. Each Count must be dismissed for lack of personal jurisdiction over TWP. Counts Four, Five and Nine also fail for being filed outside the applicable statute of limitations. Finally, all Counts against TWP fail due to improper venue under Rule 12(b)(3).

**Count Four is barred by the Statute of Limitations**

Plaintiff's Count Four is a state law claim that alleges TWP engaged in a conspiracy to inflict emotional distress. Count Four is based on the alleged physical

1

assault of plaintiff Burke by defendant James Fields. As such, the claim's "true nature" is a civil claim for assault and/or battery and was required to be filed within one year of plaintiff sustaining his alleged injuries. This is true without regard to how plaintiff chooses to plead his claim or what he calls the claim. <u>LaMusga v. Summit Square Rehab, LLC</u>, (2d Dist.)  2015 Ohio 5305 at ¶43 (true nature of claim controls statute of limitations determination); <u>Evans v. Henderson</u>, (10th Dist.) 2018 Ohio 2531 at ¶ 13 (Pursuant to R.C. 2305.111, Ohio's statute of limitations for a claim of assault and battery is one year.)

According to the Complaint, Plaintiff was injured on August 12, 2017. Plaintiff failed to file his Complaint until August 12, 2019. Accordingly, plaintiff's Count Four must be dismissed as it is barred by the applicable statute of limitations.

**Count Five is barred by the Statute of Limitations**

Plaintiff's Count Five is a state law claim for negligence. The claim, however, is based on an allegation that TWP negligently violated an Ohio criminal statute prohibiting "inciting to violence."

In Ohio a civil action for damages resulting from any criminal act is authorized by <u>R.C. 2307.60.</u> <u>Jacobson v. Kaforey</u>, 149 Ohio St. 3d 398, 401 (2016.) A cause of action under R.C. 2307.60 is subject to a one-year statute of limitations. <u>State ex rel. County of Cuyahoga v. Jones Lang Lasalle Great Lakes Co.</u>, (8th Dist.) 2017 Ohio 7727 at ¶ 130.

According to the Complaint, Plaintiff was injured on August 12, 2017. Plaintiff failed to file his Complaint until August 12, 2019. Accordingly, plaintiff's Count Five must be dismissed as it is barred by the applicable statute of limitations.

2

**Count Nine is barred by the Statute of Limitations**

Plaintiff's Count Nine is a federal claim for violation of 42 U.S.C. §1986. § 1986 explicitly contains it's own statute of limitations ("But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.") *Omotosho v. Freeman Inv. & Loan*, 136 F. Supp. 3d 235, 251 (2016 D. Conn.) (acknowledging one-year statute of limitation for 42 USC §1986 claims.)

According to the Complaint, Plaintiff was injured, and his cause of action therefore accrued, on August 12, 2017. Plaintiff failed to file his Complaint until August 12, 2019. Accordingly, plaintiff's Count Nine must be dismissed as it is barred by the applicable statute of limitations.

**All claims against TWP are barred by lack of Personal Jurisdiction**

The plaintiff bears the burden of establishing the existence of personal jurisdiction. *Serras v. First Tenn. Bank Nat'l Ass'n,* 875 F.2d 1212, 1214 (6th Cir. 1989). When a federal court's subject-matter jurisdiction is based on a federal question, the court's exercise of personal jurisdiction must be both authorized by the forum State's long-arm statute and in accordance with the Due Process Clause of the Fourteenth Amendment. *Bird v. Parsons,* 289 F.3d 865, 871 (6th Cir. 2002).

Ohio's long-arm statute is not coterminous with federal constitutional limits. *Calphalon Corp. v. Rowlette,* 228 F.3d 718, 721 (6th Cir.2000). Courts in the 6th Circuit have routinely "focused on whether there are sufficient minimum contacts between the nonresident defendant and the forum state so as not to offend "traditional notions of fair play and substantial justice." *Bird* at 871-872.

3

Personal jurisdiction can be either general or specific, depending upon the nature of the contacts that the defendant has with the forum state. <u>Conti v. Pneumatic Prods. Corp.</u>, 977 F.2d 978, 981 (6th Cir.1992). General jurisdiction is proper only where "a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." <u>Nashville v. WEDGE Group, Inc.</u>, 882 F.2d 1087, 1089 (6th Cir.1989).

The Supreme Court has cautioned, however, that to approve the exercise of general jurisdiction in every State in which a corporation "engages in a substantial, continuous, and systematic course of business" is "unacceptably grasping." <u>Daimler Ag v. Bauman</u>, (2014) 134 S. Ct. 746, 761. The inquiry, instead, must focus on whether that corporation's "affiliations with the State are so `continuous and systematic' as to render [it] essentially at home in the forum State." <u>Id.</u> at 761.

The requirements to exercise specific jurisdiction are: "First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." <u>Bird</u> at 874.

**<u>Plaintiff has failed to allege facts sufficient to establish general jurisdiction</u>**

Plaintiff does not appear to even attempt to establish general jurisdiction. To the extent he does, the entire allegation is that TWP has "at least two chapters" in Ohio[1] and that an alleged member and agent of TWP, Matt Heimbach, resided in Ohio at all

---

[1] Amended Complaint at p. 11

relevant times.[2] Plaintiff alleges TWP has 500 members and three dozen active chapters across the United States.[3] Plaintiff does not state how many members, other than Mr. Heimbach, were located in Ohio. Plaintiff does not allege that Mr. Heimbach, nor any chapter member, ever conducted any business whatsoever in Ohio. Plaintiff served process on TWP in Indiana rather than in Ohio.[4]

Accordingly, this Court does not have personal jurisdiction over TWP on the basis of general jurisdiction.

**Plaintiff has failed to allege facts sufficient to establish specific jurisdiction**

Plaintiff's Amended Complaint fails to establish the requirements of specific jurisdiction. In various places in the Amended Complaint, Plaintiff states that TWP or it's alleged member Mr. Heimbach, planned their misconduct on "Discord". Plaintiff explains that Discord is a "messaging app"[5] allegedly used by defendants to coordinate their attack on the Plaintiff.

Plaintiff does not allege that TWP, Heimbach, nor any other defendant knew where anyone on the Discord app was physically located. Plaintiff does not allege that TWP knowingly communicated directly with defendant James Fields. Plaintiff alleges only that defendants "caused or knowingly permitted writings, data, images, or other telecommunication to be disseminated or transmitted into Ohio".[6] But this a mere conclusory statement. Plaintiff does not state who, how, or when any statement was made by TWP or any of it's agents knowingly into, or out of, Ohio.

---

[2] Id.
[3] Id.
[4] Docket Entry 9.
[5] Amended Complaint at p. 21.
[6] Amended Complaint p. 4

5

Merely posting "writings, data, images, or other telecommunication" to the internet, however conspiratorial they may be, cannot confer specific jurisdiction upon a Court. Rather, a specific intent to interact with residents of Ohio is required. *Neogen Corp. v. Neo Gen Screening, Inc.,* 282 F.3d 883, 890 (6th Cir.2002). "[R]andom, fortuitous, or attenuated" contacts with Ohio are insufficient, *Id.* at 892; as are only a "collateral relation to the forum State." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 299 (1980.)

Finally, the Supreme Court held that a plaintiff can establish personal jurisdiction when it alleges that the defendant "expressly aimed" tortious conduct at the forum in question and the "brunt of the harm" is felt there. *Calder v. Jones*, 465 US 783, 789 (1984.)

Plaintiff's Amended Complaint alleges that TWP "expressly aimed tortious conduct" at Virginia, not Ohio. Moreover, the "brunt of the harm" was experienced in Virginia. It is mere happenstance that Plaintiff returned to Ohio after sustaining injury and that his attacker also lived in Ohio before attacking Plaintiff in Virginia. Plaintiff has not even alleged that TWP intended for tortious conduct to occur in Ohio or even that TWP knowingly conspired with anyone in Ohio to aim tortious conduct at Virginia.

Accordingly, all claims against defendant TWP must be dismissed for lack of personal jurisdiction.

**Plaintiff's Amended Complaint should be dismissed for Improper Venue**

Pursuant to 28 U.S.C. § 1406(a) "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest

6

of justice, transfer such case to any district or division in which it could have been brought." Pursuant to 28 U.S.C. §1391 "A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;[7]

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"[8]

Plaintiff does not allege that all defendants are residents of Ohio. Plaintiff's Amended Complaint alleges that virtually all of the events or omissions complained of occurred in Virginia. Accordingly, Plaintiff's Amended Complaint must be dismissed for improper venue pursuant to FRCP 12(b)(3).

**Conclusion**

For the reasons stated, all claims against defendant TWP must be dismissed.

        Respectfully Submitted,
        s/ James E. Kolenich
        James E. Kolenich (0077084)
        Kolenich Law Office
        9435 Waterstone Blvd. #140
        Cincinnati, OH 45249
        Telephone: 513-444-2150
        Facsimile: 513-297-6065
        Jek318@gmail.com
        *Attorney for Defendant TWP*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served as indicated below on September 23, 2019:

---

[7] 28 USC 1391(b)(1)
[8] 28 USC 1391(b)(2)

8

All parties of record were served via the Court's ECF system. No party requires or has requested service by other means

                                                s/ James E. Kolenich

                                                J. E. Kolenich #0077084