LAW OFFICE OF MICHAEL L. FRADIN
Michael L. Fradin, Esq.
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO,
EASTERN DIVISION

| | |
|---|---|
| WILLIAM BURKE, | Case No. 2:19 cv 2006 |
| Plaintiff, | PLAINTIFF'S RESPONSE TO DEFENDANT TRADITIONALIST WORKER PARTY'S MOTION TO DISMISS |
| v. | |
| JAMES ALEX FIELDS JR., VANGUARD AMERICA, ANDREW ANGLIN, GREGORY ANGLIN, DAILY STORMER, MOONBASE HOLDINGS, LLC, MORNING STAR MINISTRIES USA, INC., ANGLIN & ANGLIN, LLC, ROBERT RAY, MATTHEW HEIMBACH, THE TRADITIONALIST WORKER PARTY, JASON KESSLER, PROUD BOYS, RICHARD SPENCER, NATIONAL POLICY INSTITUTE, DAVID DUKE, NATIONALIST FRONT, AUGUSTUS SOL INVICTUS, HONORABLE SACRED KNIGHTS, JOHN DOE 1-1000 AND JANE DOE 1-1000, | Judge: Hon. Michael H. Watson  Magistrate Elizabeth A. Preston Deavers |
| Defendants. | |

**PLAINTIFF'S RESPONSE TO DEFENDANT TRADITIONALIST WORKER PARTY'S MOTION TO DISMISS**

Now comes Plaintiff, Bill Burke, and for his Response to Defendant Traditionalist Worker

Party's Motion to Dismiss, states as follows:

I.      **INTRODUCTION**

The Traditionalist Worker Party (TWP) is an Ohio-based neo-Nazi organization that promotes

white separatism and white supremacy and was an integral participant in the conspiracy to inflict

emotional distress that is alleged in the lawsuit. First Amend. ¶ 27. In its Motion to Dismiss, without including any affidavits, declarations, or other factual support, TWP asks the Court to make multiple assumptions that are inconsistent with the allegations in Plaintiff's First Amended Complaint.

First of all, TWP ignores that the last alleged act in furtherance of the conspiracy to inflict emotional distress is a March 11, 2019 email from a co-conspirator. Secondly, the true nature of the common law conspiracy cause of action is precisely the sort of extreme and outrageous conduct that the tort of Intentional Infliction of Emotional Distress (IIED) is intended to remedy. Thirdly, the TWP confuses negligence *per se* with O.R.C. 2307.60, which is a civil action for damages for a criminal act. Fourthly, TWP does not dispute Plaintiff's allegation that it is an Ohio based organization.

## II.      LEGAL STANDARD

When ... a district court rules on a jurisdictional motion to dismiss ... without conducting an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff.... To defeat such a motion, [the plaintiff] need only make a prima facie showing of jurisdiction. *Dean v. Motel 6 Operating L.P.,* 134 F.3d 1269, 1272 (6th Cir.1998) citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir.1996) (string citations omitted). Id at 800.

Furthermore, a FRCP 12(B) dismissal is a drastic measure and so the standard for dismissal is a stringent one. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45 (U.S. 1957). Therefore, the First Amended Complaint should be construed in the light most favorable to Plaintiff Burke and its allegations taken as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

2

## III.    ARGUMENT

Not only does Ohio resident Plaintiff Bill Burke now suffer from severe emotional distress and permanent and severe nerve and brain damage that has required extensive treatment with medical providers in Ohio, but he also continues to be threatened by the same co-conspirators that instigated, supported, and encouraged violence at the Unite the Right Rally. The conspiracy alleged here has been recognized as a viable conspiracy by another United States District Court and Plaintiff prays that this Court will do so as well.

### The Last Alleged Act in Furtherance of the Conspiracy was March 11, 2019

Burke and his family have been threatened and harassed by co-conspirators after the August 12, 2017 incident, including social media.  One of the threatening text messages is included in the First Amended Complaint and was sent to Burke by a co-conspirator on March 11, 2019.  First Amend. ¶ 139, 248, 249, 251.  Because the most recent alleged act in furtherance of the conspiracy is the March 11, 2019 email, any argument byt TWP that relies on August 12, 2017 as the trigger date for the running of the statute of limitations is inaccurate.  Because the March 11, 2019 email is the last alleged act in furtherance of the conspiracy, any argument related to a statute of limitations defense has no merit, since in the 6th circuit, the statute of limitations for a conspiracy commences to run from the commission of the last overt act causing injury or damage. *Akron Presform Mold Company v. McNeil Corporation*, 496 F.2d 230, 233 (6th Cir., 1974).

### IIED is the "True Nature" of the Conspiracy

The true nature of the common law conspiracy cause of action is not assault and battery but the extreme and outrageous conduct that the tort of Intentional Infliction of Emotion Distress (IIED) covers.  The Ohio Supreme Court opinion that first recognized and identified the tort of IIED cited the Second Restatement of Torts and noted that damages may also include physical

3

injury. *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen, & Helpers of America*, 453
N.E.2d 666, 6 Ohio St.3d 369, 374 (Ohio, 1983). Plaintiff alleges that the conspiracy was to
intimidate, scare, threaten, and terrorize Plaintiff and other counter-protesters and their supporters and
the *Sines* Court found just that. *Sines v. Kessler*, 324 F. Supp.3d 765 (2018). Although an attack by
James Alex Fields did occur, this is not the gravamen of the conspiracy. See *Sines* generally and
Plaintiff's First Amended Complaint, generally. ID. TWP argues that the conspiracy is one to commit
battery. This, however, is a narrow misreading of the true nature of the conspiracy that Plaintiff has
alleged and that the *Sines* Court has recognized. See *Sines v. Kessler*, 324 F. Supp.3d 765 (2018).

<u>Plaintiff does not Plead O.R.C. 2307.60</u>

The TWP's motion confuses negligence *per se* with O.R.C. 2307.60, which is a civil action for
damages for a criminal act. It is axiomatic that a negligence claim's statute of limitations does not
become shortened by the potentially punitive nature of O.R.C. 2307.60 (Plaintiff does not
acknowledge that O.R.C. 2307.60 is in fact punitive such that it would shorten the statute of
limitations, but also will not get roped into this argument since an O.R.C. 2307.60 cause of action is
not pled here). If pleading negligence *per se* shortened the negligence statute of limitations from 2
years to 1 year, then every negligence claim that is based on the violation of a statute (speeding,
failure to keep a proper lookout etc…) would be subject to the argument that a shorter statute of
limitations should apply, regardless of whether or not O.R.C. 2307.60 is pled. While O.R.C. 2307.60
does provide for a private right of action that can be brought pursuant to the statute, the statutory
claim is simply not pled here so there is no reason for TWP to even mention O.R.C. 2307.60. The
theory of negligence *per se* predates the 2002 enactment of O.R.C. 2307.60, which provides for
damages that are beyond those available in a negligence *per se* action, and there is no authority that
O.R.C. 2307.60 was intended to supersede or trump or in any way alter negligence *per se* as a viable
cause of action. See *Chambers v. St. Mary's School*, 697 N.E.2d 198, 82 Ohio St.3d 563 (Ohio,

4

1998).  Because TWP points to no authority that O.R.C. 2307.60 replaced negligence *per se*, any arguments that the statute shortens the limitations period must fail.

<u>TWP is an Ohio Based Organization</u>

Fourthly, TWP is an Ohio based organization.  In its motion, TWP does not acknowledge or dispute the allegations in Plaintiff's Complaint that TWP is an Ohio based organization.  It is fundamental that a Federal Court in Ohio would have personal jurisdiction of an Ohio resident.  The TWP's focus on Ohio's long arm statute is a red herring because the long arm statute only applies to nonresidents of Ohio and TWP does not dispute Plaintiff's allegation that TWP is an Ohio resident. (See R.C. 2307.382 and See *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551).

The fact that the organization was served in Indiana is another red herring and does nothing to change the undisputed allegation that TWP is Ohio-based.  First Amend. ¶ 27.  (See also The Southern Poverty Law Center (SPLC), which identifies Cincinnati, Ohio as TWP's location and neo-Nazi as its ideology (https://www.splcenter.org/fighting-hate/extremist-files/ideology/neo-nazi). Even if TWP were not based in Ohio, the conspiracy theory of personal jurisdiction would apply. This issue was briefed extensively as part of Plaintiff's Response to Defendant David Duke's Second Motion to Dismiss (Doc # 37) but because TWP is undisputedly an Ohio resident, Plaintiff only mentions the conspiracy theory of personal jurisdiction as an additional means that this Court would have to exert personal jurisdiction over TWP.  See *United States v. Maruyasu Indus. Co.*, 229 F.Supp.3d 659, 673 (S.D. Ohio, 2017), *Stolle Mach. Co. v. Ram Precision Indus.* (S.D. Ohio, 2011). For example, under the conspiracy theory of personal jurisdiction, the co-conspirator texting Plaintiff in Ohio is sufficient alone to warrant jurisdiction over all co-conspirators. ID and see also *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551.  Futhermore, venue is proper in the Eastern Division of the Southern District of Ohio rather than the Western Division since

5

Defendants Andrew Anglin and Gregory Anglin and their related entities are domiciled in the Eastern Division. First Amend. ¶ 19-24.

## IV.  CONCLUSION

For the reasons set forth above, this Court should deny Defendant TWP's Motion to Dismiss. If this Court is otherwise inclined to grant Defendant TWP's Motion based on jurisdictional arguments, Plaintiff requests 60 days to conduct discovery on the issues related to personal jurisdiction.  See *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1239 (6th Cir., 1981) citing *Leasco Data Processing Equipment Corp. v. Maxwell*, 468 F.2d 1326 (2d Cir. 1972).  The scope of discovery is within the sound discretion of the trial court. *Id*, citing *H. K. Porter Co., Inc. v. Goodyear Tire and Rubber Co.,* 536 F.2d 1115 (6th Cir. 1976).

s/ Michael L. Fradin
Attorney for Plaintiff

LAW OFFICE OF MICHAEL L. FRADIN
Michael L. Fradin, Esq.
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on October 28, 2019, this Response to Defendant Traditionalist Worker Party's Motion to Dismiss was filed electronically.  Notice of this filing will be sent to all parties by operation of the court's electronic filing system.  Parties may access this filing through the court's system.

<u>/s/ Michael L. Fradin</u>
Attorney for Plaintiff