IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **WILLIAM BURKE** | Case No. 2:19-CV-2006 |
| Plaintiff, | (Judge WATSON) |
| | (Mag. Judge DEAVERS) |
| v. | |
| **JAMES ALEX FIELDS ET AL.,** | **REPLY IN SUPPORT OF MOTION TO DISMISS** |
| Defendants. | |

Defendant Traditionalist Worker's Party ("TWP") replies in support of it's Motion to Dismiss the Plaintiff's Amended Complaint as follows:

**State Law Claims Barred by Statute of Limitations**

1. <u>Plaintiff's Count Four-Civil Conspiracy to Inflict Emotional Distress</u>

The generally applicable statute of limitations for a claim of intentional infliction of emotional distress is four years. <u>Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 6 Ohio St. 3d 369, 375 (1983).</u> However, when the acts underlying the claim would support another tort, the statute of limitations for that other tort governs the claim for intentional infliction of emotional distress. <u>Allen v. Pirozzoli, (8th Dist.) 2016-Ohio-2645 at ¶ 7.</u>

In order to determine the applicable statute of limitations for a particular claim, courts must look to the actual nature or subject matter of the acts giving rise to the complaint rather than the form in which the action is pleaded. <u>Id.at ¶7.</u> A party cannot transform one cause of action into another through clever pleading or an alternate

1

theory of law in order to avail itself of a more satisfactory statute of limitations. Id. at ¶ 7.

The statute of limitations on an Ohio claim for civil conspiracy is the same as the statute that applies to the underlying cause of action. Cramer v. Fairfield Medical Center, 2009 Ohio 3338 at ¶ 69 (Ohio App. 5th Dist). A civil conspiracy claim is a derivative claim and cannot be maintained absent an actionable underlying tort. Cantleberry v. Holbrook, 2013 Ohio 2675 at ¶22. (Ohio App. 5th Dist.) "The limitation is imposed on the cause of action and the form in which the action is brought is immaterial" Strock v. Pressnell, 38 Ohio St. 3d 207, 216 (1988.)

The Plaintiff's conspiracy/emotional distress claim alleges violent physical assault of the Plaintiff. [1] It is true that Plaintiff also alleges he witnessed the actual moment of death of Heather Heyer. However, according to the Complaint Ms. Heyer died a violent death as a result of a physical assault. [2]

Plaintiff is not permitted to pick the cause of action with the most useful statute of limitations. His causes of action all have to do with violent assault of his person and his witnessing the effects of that assault on at least one other person.

Therefore, Plaintiff's Fourth cause of action is one for assault and battery or for a violent crime. Either way, the applicable cause of action is one year in Ohio. Evans v. Henderson, (10th Dist.) 2018 Ohio 2531 at ¶ 13 (statute of limitations for civil claim for assault or battery is one year); State ex rel. County of Cuyahoga v.

---

[1] Amended Complaint at ¶4 "attempted murder" of Plaintiff; ¶134 attacked and rendered unconscious and bleeding profusely, ¶195 "violent acts", ¶197 attack that injured the plaintiff', and ¶201 attack that, inter alia, caused severe physical harm to the plaintiff.
[2] Amended Complaint at ¶¶2 and 197.

*Jones Lang Lasalle Great Lakes Co.*, (8th Dist.) 2017 Ohio 7727 at ¶ 130. (statute of limitations for civil cause of action for criminal act is one year.)

Accordingly, Plaintiff's Fourth cause of action must be dismissed as barred by the statute of limitations.

2. Plaintiff's Count Five-Inciting Violence

Plaintiff brings this cause of alleging a violation of Ohio R.C. 2917.01 and admits that the statute is a criminal statute.[3] The only way to bring an Ohio state law claim for violation of a criminal statute is by means of the authorization found in the modern version R.C. 2307.60. *Jacobson v. Kaforey*, 149 Ohio St. 3d 398, 401 (2016.) There would be no reason for the existence of the *Jacobson* case or it's holding if Plaintiffs could just bring a "negligence per se" claim based on a criminal statute. *Jacobson* at 412 ¶56.

A cause of action under R.C. 2307.60 is subject to a one-year statute of limitations. *State ex rel. County of Cuyahoga v. Jones Lang Lasalle Great Lakes Co.*, (8th Dist.) 2017 Ohio 7727 at ¶ 130. As explained above, this one-year limitation would control even if this count were pled as a conspiracy.

Accordingly, and even though Plaintiff filed an Amended Complaint that deleted the explicit reference to R.C. 2307.60 found in the original Complaint[4], Plaintiff's Count Five must be dismissed as barred by the statute of limitations.

**42 USC §1986 Claim Barred by Statute of Limitation**

Plaintiff did not address the dismissal of his Count Nine, 42 U.S.C §1986 claim in his response in opposition. Plaintiff therefore appears to have conceded this

---

[3] Amended Complaint at ¶207.
[4] DE 1 at ¶ 199, 209

3

issue. Unless the Court is unconvinced by TWP's initial presentation of the matter, this Count must be dismissed.

**Personal Jurisdiction**

"[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there. For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home…With respect to a corporation, the place of incorporation and principal place of business are "paradig[m] ... bases for general jurisdiction. Daimler Ag v. Bauman, 134 S. Ct. 746, 760 (2014.)

Jurisdiction over a corporation may also be had where it's contacts with a forum State are "so continuous and systematic" as to render the corporate defendant "essentially at home in the forum State." BNSF Ry. Co. v. Tyrrell, 137 S. Ct. 1549, 1552. (2017.)

"A corporation that operates in many places can scarcely be deemed at home in all of them." Id. at 1559. "the Fourteenth Amendment's Due Process Clause does not permit a State to hale an out-of-state corporation before its courts when the corporation is not "at home" in the State and **the episode-in-suit occurred elsewhere**[5]. Daimler AG v. Bauman, 134 S.Ct. 746, 754 (2014). Even owning over 2,000 miles of railroad track and employing more than 2,000 employees in a forum State is not necessarily sufficient to allow for personal jurisdiction where the corporation's total operation is significantly larger than that. BNSF Ry. Co. at 1554.

---

[5] Emphasis added.

4

The Amended Complaint alleges that Matt Heimbach was "a leader" of TWP and "a member and agent of TWP"[6]. It alleges that TWP has "three dozen active chapters and 500 members across the United States."[7] It alleges TWP ran a candidate for political office in Ohio and makes the conclusory statement that TWP is "based out of Cincinnati, Ohio."[8]

It is common practice in lawsuits all over this country to allege something along the lines of "Defendant is incorporated in Ohio with it's principal place of business at 1234 Conclusory Statement Street, Dismissal, OH 45242". The fact that Plaintiff has failed to do this implies that he cannot. That implication should render his allegations regarding TWP domicile implausible for purposes of FRCP 12 analysis.

There is a no reason to mention chapters in Ohio or running a candidate for office in New Carlisle if Plaintiff actually had any reasonable basis for alleging TWP is incorporated in or has it's principal place of business in Ohio. There is no plausible reason to use the phrase "based out of" rather than "incorporated in" or "principal place of business" unless Plaintiff cannot reasonably do so. Plaintiff's "based out of" allegation, then, is an implicit admission that TWP is neither incorporated in, nor has its principal place of business in, Ohio.

That being the case, Plaintiff must show "continuous and systematic" contacts with Ohio to properly allege jurisdiction over TWP. Plaintiff's entire attempt at this, apart from allegations about internet communication discussed in TWP's Motion to Dismiss, is the New Carlisle candidate and the two chapters and one member

---

[6] Amended Complaint at ¶26
[7] Id. at ¶27.
[8] Id. at ¶27.

(Heimbach) or two members if the Court assumes the New Carlisle candidate was also a member. Plaintiff does not explain how two chapters out of three dozen nationally, or two members out of five hundred nationally, meets the required legal standard.

Plaintiff's burden on the issue of personal jurisdiction is indeed slight. Nevertheless, Plaintiff has failed to plead sufficient facts to demonstrate that this Court has personal jurisdiction over TWP. Accordingly, all claims against TWP must be dismissed.

**Improper Venue**

Plaintiff made little effort to address venue in his Response. Yet the issue of venue is fatal to Plaintiff's attempt to litigate in this Court. The Amended Complaint states unequivocally that the car attack that injured Plaintiff, and all insulting activity that "terrorized" Plaintiff, occurred in the Western District of Virginia.[9] The Amended Complaint fails to allege that "all defendants are residents of the State in which the District is located."

Accordingly, Plaintiffs Complaint must be dismissed or transferred to the Western District of Virginia.

**Conspiracy Theory of Jurisdiction**

The Sixth Circuit has not adopted the conspiracy theory of jurisdiction. US v. Marayusu Industries Co., Ltd. 229 F. Supp. 3d 659, 673 (2017) (recognizing no Sixth Circuit approval but considering applying in criminal case while recognizing difference between civil and criminal standards.) District Courts in this Circuit have not been enthusiastic in adopting the theory absent an order from the Sixth Circuit. *Hollar v. Philip Morris, Inc.,* 43 F. Supp. 2d 794, 802 n.7 (N.D. Ohio

---

[9] Amended Complaint at ¶¶ 3, 4, 19, 21, 25, 26, 27, 28, 30, 45, 175, 198.

1998) (declining to apply the conspiracy theory of jurisdiction); *In re Auto. Parts Litig.,* Nos. 2:13-cv-02502, 2:13-cv-02503, 2015 WL 4508938, at *4 (E.D. Mich. July 24, 2015) (declining to apply the conspiracy theory of personal jurisdiction absent an explicit directive by the Sixth Circuit to do so). Prakash v. Altadis U.S.A. Inc., No. 5:10 CV 33, 2012 WL 1109918, at *18 (N.D. Ohio Mar. 30, 2012). (the 'absent co-conspirator' doctrine alleged [as a basis for personal jurisdiction] is not recognized as a means for establishing personal jurisdiction in this district.")

Notably, no Ohio State Court appears to have ever applied the conspiracy theory of jurisdiction. Moreover, the U.S. Circuit Courts that have adopted it have applied a test that is unhelpful to the Plaintiff. "[T]he plaintiff must allege that (1) a conspiracy existed; (2) the defendant participated in the conspiracy; and (3) a co-conspirator's overt acts in furtherance of the conspiracy had sufficient contacts with a state to subject that co-conspirator to jurisdiction in that state." Charles Schwab Corp. v. Bank of America Corp., 883 F. 3d 68, 87 (2d Cir. 2018) citing Unspam Techs., Inc. v. Chernuk, 716 F.3d 322, 329 (4th Cir. 2013).

"[A] co-conspirator's presence within the forum might reasonably create the `minimum contacts' with the forum necessary to exercise jurisdiction over another co-conspirator if the conspiracy is directed towards the forum…" Melea, Ltd. v. Jawer SA, 511 F.3d 1060, 1070 (10th Cir. 2007).

To conclude this section: First, There is exactly zero precedent from Ohio Courts allowing for the application of the conspiracy theory of jurisdiction in Ohio; Second, no federal District Court sitting in Ohio seems to have ever applied the theory

7

to a civil case; Third, the U.S. Circuit Courts that have applied the theory appear to require an act in furtherance directed toward the forum State.

Therefore, even if this Court were to apply the conspiracy theory of jurisdiction to this case, the Plaintiff would fail since his Amended Complaint is long on allegations of acts taken on the internet or in Virginia and very short on allegations of acts in furtherance of the alleged conspiracy directed to Ohio.

**CONCLUSION**

The Plaintiff's Amended Complaint must be dismissed in it's entirety as to defendant TWP.

Respectfully Submitted,

s/ James E. Kolenich
_____
James E. Kolenich (OH 77084)
KOLENICH LAW OFFICE
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
(513) 444-2150
(513) 297-6065 (fax)
JEK318@gmail.com

**CERTIFICATE OF SERVICE**

A true copy of the foregoing was served via the Court's CM/ECF system on November 12, 2019 as listed below:

*All parties of record*

No party requires or has requested service by other means

s/ James E. Kolenich
_____
James E. Kolenich (OH #77084)