# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **WILLIAM BURKE,** | Case No. 2:19-cv-02006-MHW-EPD |
| Plaintiff, | Hon. Michael H. Watson |
| v. | Mag. Elizabeth A. Preston Deavers |
| **JAMES ALEX FIELDS JR., ET AL.,** | |
| Defendants. | |

### DEFENDANT DAVID DUKE'S ANSWER TO PLAINTIFF WILLIAM BURKE'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

NOW COMES Defendant David Duke ("Duke"), by and through Attorney Kyle J. Bristow and Attorney Bryan A. Reo, and hereby propounds upon William Burke ("Plaintiff"), the other Parties of the instant civil action, and this Honorable Court Defendant David Duke's Answer to Plaintiff William Burke's Motion for Leave to File Second Amended Complaint:

1. Admitted as true.

2. Admitted as true.

3. Admitted as true.  Duke further avers that the Court should not grant leave to Plaintiff to file a second amended complaint and that the Court should instead rule on Duke's Second Motion to Dismiss for Lack of Personal Jurisdiction, which was filed on September 10, 2019.  (ECF No. 27).  Duke's original Motion to Dismiss for Lack of Personal Jurisdiction was filed on August 19, 2019.  (ECF No. 16).

4. Admitted as true.

5. Admitted as true. Duke further avers that the proposed amended complaint violates Fed. R. Civ. P. 8(a)(2) and contains redundant, immaterial, impertinent, and scandalous matter and would subject to being stricken pursuant to Fed. R. Civ. P. 12(f).

6. Denied as untrue; to wit: the proposed amended complaint violates Fed. R. Civ. P. 8(a)(2) and contains redundant, immaterial, impertinent, and scandalous matter and would subject to being stricken pursuant to Fed. R. Civ. P. 12(f). Duke further avers that the Court should not grant leave to Plaintiff to file a second amended complaint and that the Court should instead rule on Duke's Second Motion to Dismiss for Lack of Personal Jurisdiction. (ECF No. 27).

7. Admitted as true. Duke further avers that amendment of Plaintiff's Complaint is futile insofar as the Court lacks personal jurisdiction over Duke. As such, the Court should deny Plaintiff's Motion.

8. Denied as untrue; to wit: the decision as to whether the amendment should be ordered is committed to the Court's sound discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). Abuse of that discretion occurs only if the Court fails to state the basis for its denial or fails to consider the competing interests of the Parties and the likelihood of prejudice to the party opposing the motion. *Forman v. Davis*, 371 U.S. 178, 182 (1962). In evaluating motions for leave to amend complaints, the Sixth Circuit in *Perkins v. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001) listed several factors to consider:

> [T]he delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendments.

9. Duke lacks knowledge or information sufficient to form a belief as to the truth of the allegation. Notwithstanding the foregoing, Plaintiff's proposed amendment is futile insofar as the Court lacks personal jurisdiction over Duke.

10. Denied as untrue; to wit: Plaintiff's proposed amendment is futile insofar as the Court lacks personal jurisdiction over Duke whether Plaintiff's current Complaint is amended or not.

11. No contest.

12. lacks knowledge or information sufficient to form a belief as to the truth of the allegation. Notwithstanding the foregoing, Plaintiff's proposed amendment is futile insofar as the Court lacks personal jurisdiction over Duke.

13. Admitted as true.

WHEREFORE, Duke prays that this Honorable Court will deny *in toto* Plaintiff's Motion for Leave to File Second Amended Complaint and will instead issue a ruling for Duke's Second Motion to Dismiss for Lack of Personal Jurisdiction. (ECF No. 27).

Respectfully submitted,

/s/ Bryan A. Reo
Bryan A. Reo, Esq.
Reo Law, LLC
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811
(E):  reo@reolaw.org
Ohio Law License - #0097470
*Lead Trial Attorney for David Duke*

Dated:  December 25, 2019

/s/ Kyle J. Bristow
Kyle J. Bristow, Esq.
Bristow Law, PLLC
P.O. Box 381164
Clinton Twp., MI 48038
(T):  (248) 838-9934
(F):  (586) 408-6384
(E):  bristowlaw@gmail.com
Michigan Law License - P77200
Ohio Law License - #0089543
*Co-Counsel for David Duke*

Dated:  December 25, 2019

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **WILLIAM BURKE,** | Case No. 2:19-cv-02006-MHW-EPD |
| Plaintiff, | Hon. Michael H. Watson |
| v. | Mag. Elizabeth A. Preston Deavers |
| **JAMES ALEX FIELDS JR., ET AL.,** | |
| Defendants. | |

## DEFENDANT DAVID DUKE'S BRIEF IN SUPPORT OF DUKE'S ANSWER TO PLAINTIFF WILLIAM BURKE'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

**TABLE OF CONTENTS**

I. INDEX OF AUTHORITIES ................................................................................................ 2

II. CONCISE STATEMENT OF ISSUES PRESENTED ........................................................ 3

III. STATEMENT OF FACTS ................................................................................................. 4

IV. LAW & ARGUMENT ....................................................................................................... 6

   A. THE COURT SHOULD DENY PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT ................................................................................................6

      1. STANDARD OF REVIEW ................................................................................... 6

      2. PRINCIPAL POINT OF ARGUMENT ................................................................ 6

      3. CONCLUSION ..................................................................................................... 8

V. PRAYER FOR RELIEF ...................................................................................................... 9

1

# I.  INDEX OF AUTHORITIES

**CASE LAW**

*Forman v. Davis*, 371 U.S. 178 (1962)..................................................................................6

*Perkins v. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593 (6th Cir. 2001)..............................6

*Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971)................................6

**STATUTORY LAW**

None

**CONSTITUTIONAL LAW**

None

**COURT RULES**

Fed. R. Civ. P. 8(a)(2)....................................................................................................5, 7-8

Fed. R. Civ. P. 12(b)(2).......................................................................................................5

Fed. R. Civ. P. 12(f).......................................................................................................5, 7-8

Fed. R. Civ. P. 15(a)(2).......................................................................................................6

## II.  CONCISE STATEMENT OF ISSUES PRESENTED

1. Whether the Court should grant William Burke ("Plaintiff") leave to file Plaintiff's proposed Second Amended Complaint.

    Plaintiff's Answer: Yes.

    Answer of David Duke ("Duke"): No.

### III.  STATEMENT OF FACTS

On August 12, 2017, people of various far-right political persuasions rallied in Charlottesville, Virginia, in what has been dubbed the "Unite the Right" rally.  (ECF No. 25, PageId. 228, ¶ 4).  During the rally, James Alex Fields, Jr., drove a car into protesters of various far-left political persuasions, and Plaintiff was allegedly injured therefor.  (ECF No. 25, PageId. 227, ¶ 2).  Duke is alleged by Plaintiff to have participated in the Unite the Right rally.  (ECF No. 25, PageId. 15, ¶ 32; PageId. 239, ¶ 32).

Plaintiff is a resident and domiciliary of the State of Ohio.  (ECF No. 25, PageId. 227, ¶ 2).  Duke is a resident and domiciliary of the State of Louisiana.  (ECF No. 27, PageId. 305-306).

On May 17, 2019, Plaintiff filed Plaintiff's Complaint against Duke and over two thousand other named and unnamed defendants.  (ECF No. 1, PageId. 2, ¶ 1).  On August 19, 2019, Duke filed Defendant David Duke's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6).  (ECF No. 16, PageId. 179-204).  In response to said Motion, Plaintiff filed Plaintiff's First Amended Complaint as a matter of right on September 9, 2019.  (ECF No. 25, PageId. 226-285).  On September 10, 2019, Duke filed Duke's Second Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2), Plaintiff filed Plaintiff's Answer thereto on October 8, 2019, and Duke filed Duke's Reply thereto on October 9, 2019.  (ECF No. 27; ECF No. 37, ECF No. 38).  Duke's Motion to Dismiss for Lack of Personal Jurisdiction remains pending and has been fully briefed.

On December 25, 2019, Plaintiff filed Plaintiff's Motion for Leave to File Second Amended Complaint.  (ECF No. 52).  The proposed Second Amended Complaint is a whopping fifty-two pages in length and contains two hundred thirty-four rambling and sensationalist paragraphs—but not a factual and legal basis for the Court to assert personal jurisdiction over Duke.  (ECF No. 52-1, PageId. 477-528).

4

For the reasons set forth in the following section of this Brief, Plaintiff's proposed Second Amended Complaint violates Fed. R. Civ. P. 8(a)(2) and contains redundant, immaterial, impertinent, and scandalous matter and would subject to being stricken pursuant to Fed. R. Civ. P. 12(f), and also is futile for Plaintiff to file insofar as the Court lacks personal jurisdiction over Duke. (ECF No. 27). If Plaintiff is permitted to yet again file an amended complaint, Duke's undersigned attorneys' time would needlessly be wasted because they would have to draft and file a third motion to dismiss for lack of personal jurisdiction, Plaintiff would get to answer the same, and Duke's undersigned attorneys would likely have to reply to said answer. Simply said, Plaintiff's third bite at the apple in the form of a proposed second amended complaint brings nothing meaningfully new to the party except a means by which Duke's attorneys' time will be wasted in the form of further motion practice being required above and beyond that which has already occurred. Duke would suffer unjustified prejudice in the form of the needless accrual of attorney's fees if Plaintiff gets to amend his Complaint and Duke's attorneys would have to file a third Fed. R. Civ. P. 12(b)(2) motion.

Instead of permitting Plaintiff to amend Plaintiff's Complaint yet again, the Court should simply rule on Duke's pending Motion to Dismiss before any further motion or pleading practice takes place.

## IV.  LAW & ARGUMENT

### A.  THE COURT SHOULD DENY PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT

#### 1.  STANDARD OF REVIEW

The decision as to whether the amendment should be ordered is committed to the Court's sound discretion.  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).  Abuse of that discretion occurs only if the Court fails to state the basis for its denial or fails to consider the competing interests of the Parties and the likelihood of prejudice to the party opposing the motion.  *Forman v. Davis*, 371 U.S. 178, 182 (1962).  In evaluating motions for leave to amend complaints, the Sixth Circuit in *Perkins v. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001) listed several factors to consider:

> [T]he delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendments.

#### 2.  PRINCIPAL POINT OF ARGUMENT

For the case at bar, the Court lacks personal jurisdiction over Duke for the reasons set forth in Duke's Second Motion to Dismiss for Lack of Personal Jurisdiction.  (ECF No. 27).  Plaintiff's proposed Second Amended Complaint does not change this fact and, as such, granting Plaintiff leave to file Plaintiff's proposed Second Amended Complaint would be futile.

Fed. R. Civ. P. 15(a)(2) states regarding amendments of pleadings not made by right, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  In the instant case, Plaintiff does not have Duke's written consent for amendment to occur, and justice does not require Plaintiff to be permitted to file an amended pleading because the Court lacks personal jurisdiction over Duke either way.  Amendment, as proposed by Plaintiff, is simply futile.

Plaintiff previously amended by right Plaintiff's Complaint when Duke filed a motion do dismiss; as such, Plaintiff has repeatedly failed to cure deficiencies by previous amendments.

It should also be pointed out that Plaintiff's proposed Second Amended Complaint wantonly violates Fed. R. Civ. P. 8(a)(2) insofar as it constitutes not "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" The proposed Second Amended Complaint is a whopping fifty-two pages in length and contains two hundred thirty-four rambling paragraphs about racism, Jews, hate speech, Neo-Nazism, Fascism, white supremacy, white nationalism, etc,, etc., etc., etc. (ECF No. 52-1, PageId. 477-528). It is as if Plaintiff files verbose and sensationalist pleadings such as this for the sole purpose of attracting news coverage—and as such, filing the amended complaint is in bad faith. See, e.g., Tyler Hammel, "Aug. 12 car attack survivor files suit in Ohio." *Daily Progress.* 16 August 2019. <https://www.dailyprogress.com/news/august12/aug-car-attack-survivor-files-suit-in-ohio/article_a571f4f4-9ded-59a0-bcc7-1eaae23ab3c1.html>; Duane Pohlman, "New lawsuit by injured protester reveals Tri-State's deep ties to Charlottesville attack." *Local 12*. 21 May 2019. <https://local12.com/news/investigates/new-lawsuit-by-injured-protester-reveals-tri-states-deep-ties-to-charlottesville-attack>; "Irish American sues neo-Nazi groups after suffering injuries at Charlottesville." *Irish Central*. 22 May 2019. <https://www.irishcentral.com/news/irish-american-sues-neo-nazi-charlottesville>.

Notwithstanding the verbose nature of the proposed pleading—which violates Fed. R. Civ. P. 8(a)(2)—, the proposed pleading contains redundant, immaterial, impertinent, and scandalous matter and would subject to being stricken, anyways, pursuant to Fed. R. Civ. P. 12(f).

Plaintiff does not even remotely explain in Plaintiff's Motion how or why Plaintiff believes that Plaintiff's Second Amended Pleading should be filed to serve the interests of justice.

Amendment is simply futile—the Court does not enjoy personal jurisdiction over Duke, and the Second Amended Complaint does not change this fact which is dispositive for the case at bar. Before more motion or pleading practice occurs, the Court should rule on Duke's pending motion to dismiss for lack of personal jurisdiction. (ECF No. 27). The "Unite the Right" Charlottesville fiasco occurred in Virginia and Duke resides in Louisiana. (ECF No. 25, PageId. 228, ¶ 4; ECF No. 27, PageId. 305-306). Duke cannot be hauled into court in Ohio for the same, and no amount of futile pleadings Plaintiff files will change this simple fact.

### 3. CONCLUSION

For the reasons set forth herein, Plaintiff's proposed Second Amended Complaint violates Fed. R. Civ. P. 8(a)(2) and contains redundant, immaterial, impertinent, and scandalous matter and would subject to being stricken pursuant to Fed. R. Civ. P. 12(f), and also is futile for Plaintiff to file insofar as the Court lacks personal jurisdiction over Duke. (ECF No. 27). If Plaintiff is permitted to yet again file an amended complaint, Duke's undersigned attorneys' time would needlessly be wasted because they would have to draft and file a third motion to dismiss for lack of personal jurisdiction, Plaintiff would get to answer the same, and Duke's undersigned attorneys would likely have to reply to said answer. Instead of permitting Plaintiff to amend Plaintiff's Complaint yet again, the Court should simply rule on Duke's pending Motion to Dismiss before any further motion or pleading practice takes place.

## V. PRAYER FOR RELIEF

For the reasons set forth herein, Plaintiff's Motion for Leave to File a Second Amended Complaint should be denied.

                Respectfully submitted,

                /s/ Bryan A. Reo
                Bryan A. Reo, Esq.
                Reo Law, LLC
                P.O. Box 5100
                Mentor, OH 44061
                (T): (216) 505-0811
                (E): reo@reolaw.org
                Ohio Law License - #0097470
                *Lead Trial Attorney for David Duke*

Dated: December 25, 2019

                /s/ Kyle J. Bristow
                Kyle J. Bristow, Esq.
                Bristow Law, PLLC
                P.O. Box 381164
                Clinton Twp., MI 48038
                (T): (248) 838-9934
                (F): (586) 408-6384
                (E): bristowlaw@gmail.com
                Michigan Law License - P77200
                Ohio Law License - #0089543
                *Co-Counsel for David Duke*

Dated: December 25, 2019

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **WILLIAM BURKE,** | Case No. 2:19-cv-02006-MHW-EPD |
| Plaintiff, | Hon. Michael H. Watson |
| v. | Mag. Elizabeth A. Preston Deavers |
| **JAMES ALEX FIELDS JR., ET AL.,** | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I, Kyle J. Bristow, affirm that I am an attorney of record for a party to the above-captioned civil action, and on December 25, 2019, I electronically filed this document with the Clerk of the Court by using the Court's Electronic Filing System, which should send notification of said filing to all attorneys of record who are registered to receive such electronic service for the instant civil action. Specifically, notice should be served upon Attorney Michael Frandin via electronic mail at <mike@frandinlaw.com>, upon Attorney James E. Kolenich at <jek318@gmail.com>, and upon Attorney Bryan A. Reo at <reo@reolaw.org>.

/s/ Kyle J. Bristow
Kyle J. Bristow, Esq.
Bristow Law, PLLC
P.O. Box 381164
Clinton Twp., MI 48038
(T): (248) 838-9934
(F): (586) 408-6384
(E): bristowlaw@gmail.com
Michigan Law License - P77200
Ohio Law License - #0089543
*Co-Counsel for David Duke*

Dated: December 25, 2019