IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **WILLIAM BURKE** | Case No. 2:19-CV-2006 |
| Plaintiff, | (Judge WATSON) |
| | (Mag. Judge DEAVERS) |
| v. | |
| **JAMES ALEX FIELDS ET AL.,** | **MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| Defendants. | |

Defendant Traditionalist Worker's Party ("TWP") moves the Court to dismiss the Plaintiff's second amended Complaint.

1. **All claims against TWP must be dismissed**

   A. Incorporation by Reference

   Pursuant to the permission extended by the Court during the telephone conference on January 7, 2020, TWP incorporates by reference it's prior pleadings (DE 33 and 45) arguing for dismissal of Plaintiff's Complaint.

   B. Additional Argument

   Plaintiff's latest effort to sue TWP in this Court suffers from all the same defects as his first two efforts. TWP now faces six causes of action. Counts 2 and 3 allege infliction of emotional distress and conspiracy to commit same and remain time barred as stated in TWP's prior pleadings. Counts 4 and 5 allege violation of Ohio criminal statutes and are also still barred as stated in TWP's prior pleadings. Count 7

is the §1985 civil rights claim and remains jurisdictionally defective as stated in prior pleadings.

Additionally, Plaintiff now brings a claim titled "negligence" against TWP in his <u>sixth</u> cause of action. The elements of negligence in Ohio are the familiar (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages. <u>Stefansky v. Cantina Laredo Columbus (10th Dist.) 2016 Ohio 7008 at ¶23</u>.

All Plaintiff's alleged damages, according to Plaintiff's second amended complaint, resulted from the violent assault of his person in Virginia. In Ohio, statutes of limitation are "imposed on the cause of action and the form in which the action is brought is immaterial" <u>Strock v. Pressnell, 38 Ohio St. 3d 207, 216 (1988.)</u> Plaintiff's calling his claim "negligence" does nothing to alter the "true nature" of his factual allegations, all of which make out assault and battery or criminal acts as stated in prior pleadings.

As if this weren't sufficiently obvious, the Plaintiff explicitly states, at ¶225 of his second amended complaint, that the "negligence" he is alleging is "inciting violence"[1], "terroristic threats"[2] or unspecified "otherwise failing".

Plaintiff does not flesh out what factual allegations "otherwise failing" might refer to. This latest version of the complaint appears to offer allegations that are all intentional assaults, criminal acts, or conspiring to commit same. Accordingly, Plaintiff's <u>sixth</u> cause of action is just as time barred as the rest of his state law claims.

---

[1] Plaintiff admits "inciting violence" is a crime in Ohio at second amended complaint ¶ 206-207.
[2] Plaintiff admits "terroristic threats" is a crime in Ohio at second amended complaint ¶ 217-218.

Lastly, Plaintiff attempts to support his "conspiracy theory of jurisdiction" by relocating his former tenth cause of action to a mere factual allegation at ¶125. There, Plaintiff alleges that "since the car attack on August 12, 2017" he has been victimized by threats on social media by non-party conspirator "Honorable Sacred Knights" ("HSK"). Plaintiff's second amended complaint is, however, utterly silent on when TWP conspired with HSK, or communicated with HSK, or conspired with or communicated with anyone who conspired with or communicated with HSK or when anybody agreed to use text messaging to harass the plaintiff or anyone else.

"A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that **there was a single plan**, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." (emphasis added) Memphis American Postal, AFL-CIO v. Memphis, 361 F. 3d 898, 905 (6th Cir. 2004), citing Hooks v. Hooks, 771 F.2d 935, 943 (6th Cir.1985).

Defendant is unable to locate a single syllable in Plaintiff's second amended complaint that alleges an agreement by TWP, or by anybody TWP is alleged to have conspired with, to harass Plaintiff or anyone else by means of texting, or communicate with any non-conspirator in any way outside of on the street in Charlottesville Virginia. Neither can TWP locate any allegation that the alleged conspiracy was to go

3

dormant from August 2017 until springing back to life "since the car attack" to assist plaintiff's jurisdictional allegations.[3]

Rather, Plaintiff's allegations all explicitly state that the alleged conspiracy was aimed at street action in Virginia in 2017, not text messages to Ohio.

**Conclusion**

For the reason stated above and in TWP's prior pleadings, all claims against TWP must be dismissed.

Respectfully Submitted,

s/ James E. Kolenich
_____
James E. Kolenich (OH 77084)
KOLENICH LAW OFFICE
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
(513) 444-2150
(513) 297-6065 (fax)
JEK318@gmail.com

**CERTIFICATE OF SERVICE**

A true copy of the foregoing was served via the Court's CM/ECF system on February 5, 2020 as listed below:

*All parties of record*

No party requires or has requested service by other means

s/ James E. Kolenich
_____
James E. Kolenich (OH #77084

---

[3] Plaintiff previously alleged the offensive text message was sent on March 11, 2019 (DE 25 First Amended Complaint at ¶248.)

4