LAW OFFICE OF MICHAEL L. FRADIN
Michael L. Fradin, Esq.
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| WILLIAM BURKE,<br><br>       Plaintiff,<br><br>v.<br><br>ANDREW ANGLIN et. al.<br><br>       Defendants. | Case No. 2:19 cv 2006<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT TRADITIONALIST WORKER PARTY'S MOTION TO DISMISS SECOND AMENDED COMPLAINT<br><br>Judge: Hon. Michael H. Watson<br><br>Magistrate Elizabeth A. Preston Deavers |

**PLAINTIFF'S RESPONSE TO DEFENDANT TRADITIONALIST WORKER PARTY'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Now comes Plaintiff, Bill Burke, and for his Response to Defendant Traditionalist Worker Party's Motion to Dismiss Plaintiff's Second Amended Complaint, states as follows:

        I.      **INTRODUCTION**

The Traditionalist Worker Party (TWP) is an Ohio-based neo-Nazi organization that promotes white separatism and white supremacy and was an integral participant in the conspiracy to inflict emotional distress that is alleged in the lawsuit. Second Amend. ¶ 24. In its Motion to Dismiss, TWP makes two arguments. First, TWP argues that the Court does not have personal jurisdiction over it. This argument fails because TWP is a resident of Ohio and the complaint has sufficient allegations

that support that TWP's is a resident of Ohio.  TWP provides no affidavit or declaration or other evidence that challenges Plaintiff's allegations that TWP is an Ohio resident.

TWP also raises a statute of limitations defense, arguing that a one year statute of limitations defense under R.C. 2307.60 is applicable to Plaintiff's negligence claims.  TWP also argues because James Alex Fields arguably committed a battery against Plaintiff, the statute of limitations for the civil conspiracy count is tethered to the civil battery statute of limitations.  Defendant does not raise a statute of limitations defense to Plaintiff's other claims.

## II.    LEGAL STANDARD

When ... a district court rules on a jurisdictional motion to dismiss ... without conducting an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff.... To defeat such a motion, [the plaintiff] need only make a prima facie showing of jurisdiction.  *Dean v. Motel 6 Operating L.P.,* 134 F.3d 1269, 1272 (6th Cir.1998) citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir.1996) (string citations omitted). Id at 800. Furthermore, any FRCP 12(B) dismissal is a drastic measure and so the standard for dismissal is a stringent one. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45 (U.S. 1957). Therefore, the Second Amended Complaint should be construed in the light most favorable to Plaintiff Burke and its allegations taken as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## III.    ARGUMENT

### TWP is an Ohio Resident

TWP is an Ohio resident and it is axiomatic that a federal district court has personal jurisdiction over its residents.  Second Amend. ¶ 24, *Goodyear Dunlop Tires Operations S.A. v. Brown*, 564 U.S. 915 (2011).  In its motion, TWP does not acknowledge or dispute the allegations that

2

TWP is an Ohio based organization. TWP's focus on Ohio's long arm statute is a red herring because the long arm statute only applies to non-residents of Ohio (See R.C. 2307.382 and See *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551).

The fact that the organization was served in Indiana is another red herring and does nothing to change the undisputed allegation that TWP is an Ohio resident. *Second Amend.* ¶ 24. (See also the website belonging to the Southern Poverty Law Center (SPLC), which identifies Cincinnati, Ohio as TWP's residence (https://www.splcenter.org/fighting-hate/extremist-files/ideology/neo-nazi). Even if TWP were not based in Ohio, the conspiracy theory of personal jurisdiction would apply. This issue was briefed extensively as part of Plaintiff's Response to Defendant David Duke's Second Motion to Dismiss (Doc # 37) but because TWP is undisputedly an Ohio resident, Plaintiff only mentions the conspiracy theory of personal jurisdiction as an additional means that this Court would have to exert personal jurisdiction over TWP. See *United States v. Maruyasu Indus. Co.*, 229 F.Supp.3d 659, 673 (S.D. Ohio, 2017), *Stolle Mach. Co. v. Ram Precision Indus.* (S.D. Ohio, 2011).

Futhermore, venue is proper in the Eastern Division of the Southern District of Ohio rather than the Western Division since Defendants Andrew Anglin and Gregory Anglin and their related entities are domiciled in the Eastern Division. Second Amend. ¶ 21-23. Also, Defendant has not filed a motion to transfer the venue.

IIED is the "True Nature" of the Conspiracy

The Ohio Supreme Court opinion that first recognized and identified the tort of Intentional Infliction of Emotional Distress (IIED) cited the Second Restatement of Torts and noted that IIED damages may also include physical injury. *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen, & Helpers of America*, 453 N.E.2d 666, 6 Ohio St.3d 369, 374 (Ohio, 1983). Therefore, any argument by Defendant that, because Fields drove his car into Plaintiff, the conspiracy must have been to commit a battery on counter-protestors rather than to inflict emotional distress on

3

them is inconsistent with the pleadings.  TWP's argument that it should be rewarded with a dismissal of Plaintiff's conspiracy claim because Burke ultimately had physical contact with Fields' automobile is misguided.

Plaintiff is "master of his complaint" *Carl L. Brown, Inc. v. Lincoln National Life Insurance*, 2003 Ohio 2577 (Ohio App. 2003) and simply does not plead the conspiracy in the manner that TWP wishes he did.  Rather, Plaintiff sufficiently alleges that the conspiracy's goal was to inflict emotional distress on counter-protestors - that the purpose of the conspiracy was to instill fear and severe emotional distress in counter-protestors. Second Amend. ¶ 195, 202.  While the conspiracy did ultimately result not only in Plaintiff suffering emotional distress but also in Plaintiff suffering bodily harm, that bodily injury does not convert the allegations to a conspiracy to commit a battery and Plaintiff does not allege that this was the goal of the conspiracy.

Regardless, IIED and battery are not mutually exclusive causes of action. See *World Harvest Church v. Grange Mut. Cas. Co.*, 2013 Ohio 5707 (Ohio App. 2013).  TWP's statute of limitations arguments are all premised on its statement that, "[a]ll Plaintiff's alleged damages, according to Plaintiff's second amended complaint, resulted from the violent assault of his person in Virginia." TWP Motion to Dismiss Doc #61.

TWP cites *Strock v. Pressnell*, 38 Ohio St.3d 207, 527 N.E.2d 1235 (Ohio 1988) to support its argument that the claims made by Plaintiff are battery and conspiracy to commit battery or other crimes in disguise.  *Strock*, however, is distinguishable.  The *Strock* Plaintiff was the husband of a woman who became sexually involved with the couple's pastor/counselor.  Because Ohio has a statute that precludes suits for alienation of affections (O.R.C. 2305.29), the husband/plaintiff in *Strock* attempted to avoid the statute by suing the pastor and the church for, among other things, clergy malpractice.  The *Strock* Court held that the claims that the *Strock* plaintiff was actually making against the pastor all fell under the umbrella of O.R.C. 2305.29, the claims would all be

4

dismissed against the pastor.  Because the pastor did not commit a recognizable tort, the Church was also dismissed.

Here, Plaintiff does not allege that TWP had any physical contact with Plaintiff and TWP's liability is not alleged to be vicariously based upon Fields' actions.  Furthermore, TWP's assumption that a conspiracy to commit a battery would be mutually exclusive of a conspiracy to intentionally inflict emotional distress dooms its entire argument.  IIED and battery are independent torts and there is nothing that would preclude a Plaintiff from pleading both a conspiracy to commit a battery in the same case as a conspiracy to inflict emotional distress.   So TWP's argument that the conspiracy was to commit a battery rather than a conspiracy to inflict emotional distress creates a false dichotomy; Rule 8 permits a plaintiff to plead alternatively and so even if Plaintiff had pled a conspiracy to commit battery it could also plead a conspiracy to inflict emotional distress.  Importantly, TWP does not argue that Plaintiff cannot sustain any of its causes of action with the allegations as pled or that any of Plaintiff's claims are insufficient; unlike the causes of action in *Strock*, the causes of action as pled here are sustainable and TWP's motion does not dispute this.

Here, Plaintiff alleges that the conspiracy was to intimidate, scare, threaten, and terrorize Plaintiff and other counter-protesters and their supporters and the *Sines* Court held that there was a conspiracy to do just that.  *Sines v. Kessler*, 324 F. Supp.3d 765 (2018).  Although an attack by James Alex Fields did occur, this is not the gravamen of the conspiracy.  See *Sines* generally and Plaintiff's Second Amended Complaint, generally.  Therefore, TWP's argument is not consistent with the true nature of the conspiracy that Plaintiff has alleged and that the *Sines* Court has recognized.  See *Sines v. Kessler*, 324 F. Supp.3d 765 (2018).

Plaintiff does not Plead an O.R.C. 2307.60 Cause of Action

TWP's motion confuses negligence *per se* with O.R.C. 2307.60, which is a civil action for damages for a criminal act. If pleading negligence *per se* shortened the negligence statute of

5

Case: 2:19-cv-02006-MHW-EPD Doc #: 64 Filed: 02/26/20 Page: 6 of 8 PAGEID #: 651

limitations, then every negligence claim that was also based on the violation of a statute (speeding, failure to keep a proper lookout etc…) would then be subject to a shorter statute of limitations, regardless of whether or not an O.R.C. 2307.60 cause of action is pled. That was not the intent of O.R.C. 2307.60 and Defendant provides no authority that the statute was intended as has been interpreted to be limiting. While O.R.C. 2307.60 does provide for a private right of action that can be brought pursuant to the statute, that statutory claim is simply not pled here so there is no reason for TWP to even raise O.R.C. 2307.60.

Furthermore, the theory of negligence *per se* predates the 2002 enactment of O.R.C. 2307.60, which provides for damages that are beyond those available in a negligence *per se* action. There is no authority that O.R.C. 2307.60 was intended to supersede or trump or in any way alter negligence *per se* as a viable cause of action. See *Chambers v. St. Mary's School*, 697 N.E.2d 198, 82 Ohio St.3d 563 (Ohio, 1998). Because TWP points to no authority that O.R.C. 2307.60 replaced negligence *per se*, any arguments that the statute shortens the limitations period must fail. Furthermore, Plaintiff does not seek damages pursuant to O.R.C. 2307.60 as he only seeks attorneys' fees under counts I and V. *Second Amend. Prayer of Relief* ¶5, establishing conclusively that remedies are being sought here pursuant to O.R.C. 2307.60.

## CONCLUSION

For the reasons set forth above, this Court should deny Defendant TWP's Motion to Dismiss. If this Court is otherwise inclined to grant Defendant TWP's Motion based on jurisdictional arguments, Plaintiff requests 60 days to conduct discovery on the issues related to personal jurisdiction. See *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1239 (6th Cir., 1981) citing *Leasco Data Processing Equipment Corp. v. Maxwell*, 468 F.2d 1326 (2d Cir. 1972). The scope of discovery is within the sound discretion of the trial court. *Id*, citing *H. K. Porter Co., Inc. v. Goodyear Tire and Rubber Co.,* 536 F.2d 1115 (6th Cir. 1976).

6

s/ Michael L. Fradin
Attorney for Plaintiff

LAW OFFICE OF MICHAEL L. FRADIN
Michael L. Fradin, Esq.
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on February 26, 2020, this Response to Defendant Traditionalist Worker Party's Motion to Dismiss Plaintiff's Second Amended Complaint was filed electronically. Notice of this filing will be sent to all parties by operation of the court's electronic filing system.  Parties may access this filing through the court's system.

                                                /s/ Michael L. Fradin
                                                Attorney for Plaintiff