**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**WILLIAM BURKE,**

    **Plaintiff,**

    vs.

    Case No. 2:19-cv-2006
    Judge Michael H. Watson
    Chief Magistrate Judge Elizabeth P. Deavers

**JAMES ALEX FIELDS, JR.,** *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff initiated this case on May 17, 2019, with the filing of a Complaint.  (ECF No. 1.) Plaintiff filed an Amended Complaint on September 9, 2019 (ECF No. 25), and a Second Amended Complaint on January 7, 2020 (ECF No. 57).  The Second Amended Complaint named the following Defendants:  The Traditionalist Worker Party, National Policy Institute, Andrew Anglin, Gregory Anglin, Daily Stormer, Moonbase Holdings, LLC, Anglin and Anglin, LLC, and Morning Star Ministries USA, INC.  (ECF No. 57.)  Defendant Traditionalist Worker Party was served with the Second Amended Complaint by virtue of the CM/ECF system, and it filed a Motion to Dismiss for Lack of Jurisdiction on February 5, 2020.  (ECF No. 61.)  The docket further reflects that Defendant National Policy Institute was served with the Second Amended Complaint on February 5, 2020.  (ECF No. 63.)

As of the April 16, 2020, service of the Second Amended Complaint has not been completed as required by Federal Rules of Civil Procedure 4(m), 5(a)(1)(b), and 5(a)(b), and by the Court's Order (ECF No. 56) as to the following Defendants:  Andrew Anglin, Gregory Anglin, Daily Stormer, Moonbase Holdings, LLC, Anglin and Anglin, LLC, and Morning Star

Ministries USA, INC.  On that date, the Court issued an Order for Plaintiff to show cause why the claims should not be dismissed against these Defendants for failure to complete service. (ECF No. 65.)  On April 30, 2020, Plaintiff filed a Response to Show Cause Order indicating, *inter alia*, that he "has been unable to locate or serve Andrew Anglin, Gregory Anglin, Daily Stormer, Moonbase Holdings, LLC, Morning Star Ministries, USA, Inc., or Anglin and Anglin, LLC and acknowledges that the Court may dismiss those Defendants without prejudice."  (ECF No. 67 at 2.)

> Rule 4(m) provides in pertinent part:
>
> If a defendant is not served within 90 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  It is therefore **RECOMMENDED** that the Court dismiss this action as to the following Defendants for failure to timely effect service of process:  Andrew Anglin, Gregory Anglin, Daily Stormer, Moonbase Holdings, LLC, Anglin and Anglin, LLC, and Morning Star Ministries USA, INC.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


**Date: May 1, 2020**                    */s/ Elizabeth A. Preston Deavers*
                                          **ELIZABETH A. PRESTON DEAVERS**
                                          **CHIEF UNITED STATES MAGISTRATE JUDGE**