UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**William Burke,**

    **Plaintiff,**                                Case No. 2:19-cv-2006

    v.                                        Judge Michael H. Watson

**Andrew Anglin,** *et al.***,**                Magistrate Judge Deavers

    **Defendants.**

## OPINION AND ORDER

Although the substance of this case involves the attack that occurred at Charlottesville, Virginia in August 2017, at issue in this Opinion and Order is solely whether the Court must dismiss William Burke's ("Plaintiff") claims against Defendant Traditionalist Worker Party ("TWP"). Mot. Dismiss, ECF No. 61. For the following reasons, TWP's motion is **DENIED**.

### I.    FACTS

At its most basic, Plaintiff alleges the following. Multiple neo-Nazi, white supremacist, and white nationalist individuals and organizations, some of whom are defendants in this case, conspired to incite fear and violence at the August 2017 "Unite the Right" rally, which was to be held in Charlottesville, Virginia. Plaintiff was present in Charlottesville to counter protest. Plaintiff sustained injuries when James Alex Fields, Jr. plowed his vehicle through a crowd of counter protestors, killing Heather Heyer. Plaintiff collided with Heather Heyer

during the attack and witnessed her death.  Plaintiff suffered physical and psychological injuries from the attack, for which he seeks compensation.

## II. STANDARD OF REVIEW

TWP moves to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim.  Because jurisdiction and venue are threshold issues, the Court must resolve those questions before issuing any ruling on Defendant's other grounds for dismissal.  *Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010) ("Personal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the district court . . . ."); *Proctor & Gamble Co. v. Ranir, LLC*, No. 1:17-CV-185, 2017 WL 3537197, at *4 (S.D. Ohio Aug. 17, 2017) ("Courts faced with an argument that venue is improper must resolve that issue prior to addressing the merits of any claim . . . ." (citations omitted)).  The Court addresses only the personal jurisdiction issue in this Opinion and Order.

"[A] plaintiff bears the burden of establishing that jurisdiction exists." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) (further citation omitted)).  "Additionally, in the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id.* at 1458 (citation omitted).

Upon receipt of "a properly supported 12(b)(2) motion and opposition," the Court has three options; it may: (1) "decide the motion upon the affidavits alone[,]" (2) permit additional discovery, or (3) hold an evidentiary hearing and resolve apparent factual questions. *Id.* at 1458 (citation omitted). "[T]he method selected will affect the burden of proof the plaintiff must bear to avoid dismissal." *Id.* (citation omitted). If the Court makes its decision on affidavits and pleadings alone, "the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal." *Id.* (citations omitted). Moreover, in that instance, the court analyzes the pleadings and affidavits "in a light most favorable to the plaintiff" and "does not weigh the controverting assertions of the party seeking dismissal." *Id.* at 1459.

Finally, "[f]ederal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Walden v. Fiore*, 571 U.S. 377, 283 (2014) (internal quotation marks and citation omitted); *see also* Fed. R. Civ. P. 4(k)(1)(A) ("Serving a summons . . . establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located[.]").

### III.   ANALYSIS

TWP's arguments regarding personal jurisdiction were directed at a prior version of Plaintiff's Complaint and are premised on the assumption that TWP is a nonresident defendant. *See* Mot., ECF No. 33 (analyzing whether the long-arm statute has been satisfied). Yet by incorporating its prior filings, TWP's current

motion ignores the fact that Plaintiff filed a Second Amended Complaint, wherein Plaintiff explicitly alleges that TWP is domiciled in Cincinnati, Ohio. Second Am. Compl. ¶ 24, ECF No. 67.

"It is axiomatic that Ohio courts can exercise jurisdiction over a person who is a resident of Ohio." *Prouse, Dash & Crouch, L.L.P. v. DiMarco*, 116 Ohio St. 3d 167, 168 (2007). Accordingly, if TWP is an Ohio resident, there is no need to separately analyze whether it is subject to jurisdiction under Ohio's long-arm statute. *See id.* at 369; *see also Emiabata v. Progressive Ins.*, No. 1:17cv1859, 2018 WL 1000112, at *1 (N.D. Ohio Feb. 21, 20118) ("[D]efendants who reside in the forum state will always be subject to the personal jurisdiction of the court . . . ."). TWP's motion sidesteps this basic principle as well as Plaintiff's allegation regarding TWP's domicile. Moreover, although TWP attempts to undermine Plaintiff's allegation that it is "based out of Cincinnati, Ohio" by labeling it a "conclusory statement," Reply 5, ECF No. 45, TWP's motion is unsupported by any affidavit or other evidence that it is not based out of Cincinnati, Ohio, and is not otherwise an Ohio resident.[1]

---

[1] At this time, the Court places no significance on the fact that Plaintiff failed to allege that TWP is incorporated in Ohio or has its principal place of business in Ohio. *See* Reply 5, ECF No. 45. For purposes of establishing diversity jurisdiction, a corporation is a citizen of each state in which it is incorporated as well as the state of its principal place of business. But, it is not yet clear that TWP is an incorporated entity, and TWP has not yet shown that the test for corporate citizenship is necessarily the applicable test for determining whether TWP is a resident of Ohio for purposes of personal jurisdiction.

Accordingly, TWP's motion to dismiss based on lack of personal jurisdiction is **DENIED WITHOUT PREJUDICE** as it is not a "well supported" motion.

### IV.    CONCLUSION

TWP's motion to dismiss, ECF No. 61, is **DENIED WITHOUT PREJUDICE** in its entirety.

TWP is **DIRECTED** to either file a properly supported motion to dismiss for lack of personal jurisdiction—directed at Plaintiff's Second Amended Complaint, ECF No. 57—or inform the Court that TWP submits to the personal jurisdiction of the Court.  TWP's properly supported motion regarding lack of personal jurisdiction or notice that it submits to the personal jurisdiction of the Court shall be filed within **TEN DAYS** of the date of this Opinion and Order.

If TWP chooses to persist in its motion to dismiss for lack of personal jurisdiction, its motion must: detail the type of entity TWP is, set forth the test for whether such an entity is a resident of Ohio for purposes of personal jurisdiction, analyze whether TWP is an Ohio resident under that test, and be supported by an affidavit.  Its motion may include other Rule 12(b) grounds for dismissal but may not incorporate by reference previous filings.

If TWP chooses to instead file a notice of submission to the Court's personal jurisdiction, it may thereafter file a motion to dismiss asserting its other Rule 12(b) defenses, but such motion may not incorporate any previous filings by

reference.  Such motion is due within **FOURTEEN DAYS** of TWP's notice of submission to the personal jurisdiction of this Court, if such notice is filed.

The Clerk shall terminate ECF No. 61 from the Court's pending motions list.

**IT IS SO ORDERED.**

                                              ___*/s/ Michael H. Watson*_____
                                              **MICHAEL H. WATSON, JUDGE**
                                              **UNITED STATES DISTRICT COURT**