IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **WILLIAM BURKE** | Case No. 2:19-CV-2006 |
| Plaintiff, | (Judge WATSON) |
| | (Mag. Judge DEAVERS) |
| v. | |
| **JAMES ALEX FIELDS ET AL.,** | **MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| Defendants. | |

Defendant Traditionalist Worker's Party ("TWP") moves the Court, pursuant to FRCP 12(b)(3) and 12(b)(6) to dismiss the Plaintiff's second amended Complaint.

### A. Counts Two and Three

Plaintiffs Count Two alleges TWP engaged in a conspiracy to inflict emotional distress and Count Three[1] alleges intentional infliction of emotion distress under state law. Counts Two and Three are based on the alleged physical assault of plaintiff Burke by defendant James Fields. In Ohio, statutes of limitation are "imposed on the cause of action and the form in which the action is brought is immaterial" Strock v. Pressnell, 38 Ohio St. 3d 207, 216 (1988.) This is true without regard to how plaintiff chooses to plead his claim or what he calls the claim. LaMusga v. Summit Square Rehab, LLC, (Ohio App. 2d Dist.) 2015 Ohio 5305 at ¶43 (true nature of claim controls statute of limitations determination).

In Ohio, where an emotional distress claim arises from another tort, the statute of limitations applicable to the other tort also governs the emotional distress claim. Stafford v.

---

[1] Plaintiff makes no allegations against TWP in his Count One.

1

Clever Investigations, Inc., 2007 Ohio 5086 at ¶ 8 (Ohio App.10th Dist.) Moreover, Ohio's statute of limitation for a civil conspiracy claim is the same as for the underlying cause of action. Ford Motor Credit Co. v. Jones 2009 Ohio 3298 at ¶ 24.

The "true nature" of plaintiff's Counts 2 and 3 is a civil claim for assault and/or battery. These claims were therefore required to be filed within one year of plaintiff sustaining his alleged injuries. Evans v. Henderson (Ohio App.10th Dist.) 2018 Ohio 2531 at ¶13 (Pursuant to R.C. 2305.111, Ohio's statute of limitations for a claim of assault and battery is one year.)

According to the Complaint, Plaintiff was injured on August 12, 2017. Plaintiff failed to file his Complaint until August 12, 2019. Accordingly, plaintiffs Counts Two and Three must be dismissed as they are barred by the applicable statute of limitations.

### B. Counts Four, Five, and Six

Plaintiff's Counts Four, Five, and Six are titled "negligence" or "negligence per se" but allege only violations of Ohio criminal statutes, civil assault and battery, or conspiracy to commit same. All Plaintiff's alleged damages, according to Plaintiff's second amended complaint resulted from the violent assault of his person in Virginia. In Ohio, statutes of limitation are "imposed on the cause of action and the form in which the action is brought is immaterial" Strock v. Pressnell, 38 Ohio St. 3d 207, 216 (1988.) Plaintiff's calling his claims "negligence" or "negligence per se" do nothing to alter the "true nature" of his factual allegations, all of which make out assault and battery or criminal acts.

Indeed, the Plaintiff explicitly states, at ¶225 of his second amended complaint, that the "negligence" he is alleging is "inciting violence"[2], "terroristic threats"[3] or unspecified

---

[2] Plaintiff admits "inciting violence" is a crime in Ohio at second amended complaint ¶ 206-207.
[3] Plaintiff admits "terroristic threats" is a crime in Ohio at second amended complaint ¶ 217-218.

2

"otherwise failing". In Ohio a civil action for damages resulting from any criminal act is authorized by R.C. 2307.60. Jacobson v. Kaforey, 149 Ohio St. 3d 398,401 (2016.) A cause of action under R.C. 2307.60 is subject to a one-year statute of limitations. State ex rel. County of Cuyahoga v. Jones Lang Lasalle Great Lakes Co., (8th Dist.) 2017 Ohio 7727 at ¶130.

Plaintiff does not flesh out what factual allegations "otherwise failing" refers to. The plaintiff's second amended complaint offers only allegations that are all intentional assaults, criminal acts, or conspiracy to commit same. Accordingly, Plaintiff's Fourth, Fifth, and Sixth causes of action are time barred under Ohio law and must be dismissed.

### C. Count Seven

Plaintiff's Count Seven fails to state a claim for conspiracy to violate civil rights under to 42 U.S.C. §1985(3) against defendant TWP.

"A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that **there was a single plan**, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." (emphasis added). Memphis American Postal, AFL-CIO v. Memphis, 361 F. 3d 898, 905 (6th Cir. 2004), citing Hooks v. Hooks, 771 F.2d 935, 943 (6th Cir.1985).

The Plaintiff's explicitly state that TWP had it's own "channel" on the internet service Discord that allowed TWP's members to communicate privately.[4] The Plaintiff never alleges that TWP or any member of TWP communicated with any other conspirator on Discord or otherwise. Rather, the Plaintiff frequently uses generic phrases such as "Defendants",

---

[4] Second Amended Complaint at ¶62.

3

"conspirators", or "co-conspirators" when attempting to make a factual allegation. Occasionally, Plaintiff will specify a defendant or even a non-party as making what he considers a particularly relevant internet post.[5]

Strangely, the Plaintiff includes an allegation about text messages he claims were sent to himself and his family by a non-party.[6] Yet, at no point in 109 pages of his second amended complaint does Plaintiff ever allege that TWP made an agreement with any other group or person to injure the Plaintiff or anybody else. Neither does he make any allegation that would allow the Court reasonably to infer such agreement on the part of TWP.

Indeed, the plaintiff's second amendment complaint affirmatively forecloses the possibility of finding a conspiracy by TWP. Plaintiff explicitly alleges that TWP had it's own channel on Discord that it's own members used for "private" communication.[7] The plaintiff does not allege that TWP or any of it's members ever communicated in any other way. Rather, plaintiff liberally uses conclusory phrases such "the Defendants conspired" without ever specifying when, where, how, or even specifically who.

The plaintiffs one and only sufficiently specific, non-conclusory allegation about how TWP communicated regarding the alleged incidents is at the aforementioned ¶62 wherein TWP members communicate privately with each other. Plaintiff alleges that defendant TWP is "an organization" that has "an estimated 500 members" and "was founded in Ohio."[8]

TWP is actually an FEC registered political party. It's members share a joint or common purpose regarding political advocacy.[9] As such, TWP is a legally recognized

---

[5] See, for example, ¶ 63 ("Tyrone" and 'Caerulus Rex"), ¶ 70 ("Daily Stormer"), ¶ 75 and 84 (string of statements attributed only to "Discord"), and ¶ 77 ("David Duke").
[6] Second Amended Complaint ¶ 125.
[7] Second Amended Complaint ¶ 62.
[8] Second Amended Complaint ¶ 24.
[9] See attached Declaration of Matt Parrott

4

"person" under Ohio corporation law. [10] A corporate entity cannot conspire with itself nor can it's members conspire with each other. Smithers v. City of Flint, 602 F.3d 758, 765 (6th Cir. 2010) (applying intra-corporate conspiracy doctrine to a 42 U.S.C. 1985(3) complaint).

Accordingly, Plaintiff's Count Seven must be dismissed.

### D. Improper Venue

Pursuant to 28 U.S.C. § 1406(a) "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Pursuant to 28 U.S.C. § 1391 "A civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

Plaintiff does not allege that all defendants are residents of Ohio. Plaintiff's Second Amended Complaint alleges that virtually all of the events or omissions complained of occurred in Virginia. Plaintiff's Second Amended Complaint details at length alleged acts occurring in Virginia.

Accordingly, Plaintiff's Second Amended Complaint must be dismissed for improper venue pursuant to FRCP 12(b)(3).

### Conclusion

For the reason stated above and in TWP's prior pleadings, all claims against TWP must be dismissed.

---

[10] R.C. 1701.01 (G)

        Respectfully Submitted,

        s/ James E. Kolenich

        _____
        James E. Kolenich (OH 77084)
        KOLENICH LAW OFFICE
        9435 Waterstone Blvd. #140
        Cincinnati, OH 45249
        (513) 444-2150
        (513) 297-6065 (fax)
        JEK318@gmail.com
        *Attorney for TWP*

## **CERTIFICATE OF SERVICE**

    A true copy of the foregoing was served via the Court's CM/ECF system on January 10, 2020 as listed below:

*All parties of record*

No party requires or has requested service by other means

        s/ James E. Kolenich

        _____
        James E. Kolenich (OH #77084)