UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

William Burke,

    Plaintiff,

    v.

Andrew Anglin, *et al.*,

    Defendants.

Case No. 2:19-cv-2006

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

The Traditionalist Worker Party ("Defendant") moves to dismiss all claims against it in William Burke's ("Plaintiff") Second Amended Complaint for failure to state a claim or as barred by various statutes of limitations. Mot., ECF No. 73. Defendant also argues that venue is improper in this district. *Id.* For the following reasons, Defendant's motion is **DENIED**.

### I.    FACTS

As explained in the Court's prior Opinion and Order, Plaintiff alleges that various neo-Nazi, white supremacist, and white nationalist individuals and organizations, including Defendant, conspired to incite fear and violence at the August 2017 "Unite the Right" rally, which was held in Charlottesville, Virginia.

Plaintiff was counter protesting those various white supremacist groups when James Alex Fields, Jr. ("Fields") drove a car into Plaintiff and other counter protestors. Plaintiff sustained serious physical injuries from the attack. He also

witnessed the death of counter protestor Heather Heyer during the attack, which caused Plaintiff serious psychological injuries.

## II. ANALYSIS

### A. Venue

Defendant moves to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(3), arguing that venue is improper in this judicial district. Mot. 5, ECF No. 73.

> Per 28 U.S.C. § 1391:
>
> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Defendant argues that subsection (1) does not apply because Plaintiff has not alleged that all defendants are residents of Ohio. Mot. 5, ECF No. 73. It further argues that subsection (2) does not apply because "Plaintiff's Second Amended Complaint alleges that virtually all of the events or omissions complained of occurred in Virginia." *Id.*

Plaintiff responds that although the attack occurred in Virginia, "a substantial part of the events or omissions giving rise to his claim[s] occurred" in

the Southern District of Ohio, making venue proper under 28 U.S.C. § 1391(b)(2). Resp. 8, ECF No. 74. The Court agrees that venue is proper in the Southern District of Ohio.

Plaintiff's Second Amended Complaint brings claims against Defendant based primarily on the actions it took *before* the Charlottesville attack—*i.e.*, Defendant's participation in a conspiracy. Plaintiff alleges that the communications forming the basis of that conspiracy took place partly on The Daily Stormer's website. *E.g.*, Second Amend. Compl. ¶¶ 20, 49–50, 54, 62, 66, 68, 70–71, 86, 89, 110, 112, ECF No. 57. That website was founded in, is operated from, and is moderated from Ohio, and it was registered with a central Ohio mailing address. *Id.* ¶¶ 18–19, 21. The website provided "meet ups" and "chat rooms" that were allegedly used by the defendants to perpetrate the conspiracy. *Id.* ¶ 18. A reasonable inference is that Defendant or its members utilized that website during the conspiracy.

Moreover, Defendant itself is allegedly an Ohio-based organization domiciled in the Southern District of Ohio. *Id.* ¶ 24. A reasonable inference to be drawn from Plaintiff's Second Amended Complaint is that some of Defendant's own pertinent actions occurred in the Southern District of Ohio.

Defendant's two-sentence argument offers no case law supporting its assertion that such allegations do not sufficiently allege that a substantial portion of the conspiracy occurred in this district.

Thus, the Second Amended Complaint sufficiently alleges that a substantial part of the acts that give rise to Plaintiff's claims occurred in this district, and Defendant's motion to dismiss for improper venue is **DENIED**.

## B. Failure to State a Claim

Defendant also argues that each of Plaintiff's claims against it fails to state a claim or is barred by the applicable statute of limitations.

A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). While the court must "construe the complaint in the light most favorable to the plaintiff," *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678.

The Court begins with Plaintiff's federal cause of action.

### 1. Count Seven

The only claim against Defendant that arises under federal law is Count Seven. In Count Seven, Plaintiff alleges a violation of 42 U.S.C. § 1985(3). Second Amend. Compl. ¶¶ 227–34, ECF No. 57.

Defendant argues Plaintiff fails to state a claim under § 1985(3) because Plaintiff did not allege that Defendant conspired with anyone other than itself. Mot. 3–5, ECF No. 73.

To the contrary, Plaintiff adequately alleges that Defendant and its members communicated with non-TWP members for purposes of carrying out a single plan. E.g., Second Amend. Compl. ¶ 144, ECF No. 57. Defendant's motion is therefore denied with respect to Count Seven.[1]

### 2. State-law Claims

The Court has supplemental jurisdiction over Plaintiff's state-law claims against Defendant pursuant to 28 U.S.C. § 1367(a). However, a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the claim raises a novel or complex issue of State law . . . [or if] the claim substantially predominates over the claim or claims over which the district court has original jurisdiction . . . ." 28 U.S.C. § 1367(c).

---

[1] Defendant is ordered to direct its future arguments related to Count Seven to conspiracy claims brought under 42 U.S.C. § 1985(3) and not, as it did in its motion to dismiss, to conspiracy claims brought under 42 U.S.C. § 1983. To the extent case law discussing § 1983 civil conspiracy claims is relevant to Plaintiff's § 1985(3) claim, it is Defendant's duty to fully explain the same with citation to pertinent law for that proposition.

In this case, Plaintiff's state-law claims against Defendant certainly predominate over the federal claim. Indeed, Plaintiff's federal RICO claim against other defendants has been dismissed, and Plaintiff brings five state-law claims against this Defendant and only one federal claim. The vast majority of the allegations in the Second Amended Complaint relate to those state-law claims rather than Plaintiff's § 1985(3) claim. Judicial economy would not be served by retaining jurisdiction over the state-law claims as this Court has not passed upon the merits of any of Plaintiff's claims, and it would not be difficult for a state court to familiarize itself with the facts of this case. The analyses for Plaintiff's sole remaining federal claim and for its state-law claims are separate and will require separate work regardless of whether that work is performed by a federal or state court. Principles of comity and federalism also weigh heavily in favor of declining to exercise supplemental jurisdiction, especially because Plaintiff's state-law claims raise complex issues of state law regarding statutes of limitations.

For example, Defendant contends that the "true nature" of Plaintiff's claims in Counts Two and Three (intentional infliction of emotional distress ("IIED") and conspiracy to inflict emotional distress, respectively) is assault and battery. Because claims for assault and battery have a one-year statute of limitations under Ohio law, see O.R.C. § 2503.111, Defendant argues, those claims are time-barred.

Plaintiff responds that he is not suing Defendant vicariously for the assault and battery perpetrated by Fields but rather for the severe emotional distress that Plaintiff suffered as a result of Defendant's *own* extreme and outrageous conduct.

"Ohio recognizes a claim for [IIED] as an independent tort." *Stafford v. Clever Investigations, Inc.*, No. 06AP-1204, 2007 WL 2800333, at *2 (Ohio Ct. App. Sept. 27, 2007) (citation omitted). "Under Ohio law, in order to prove a claim of [IIED], the plaintiff must show that the defendant intentionally or recklessly caused him serious emotional distress by extreme and outrageous conduct." *Id.* (citation omitted). The typical statute of limitations for an IIED claim is four years, but "when the acts underlying the claim would support another tort, the statute of limitations for that other tort governs the claim for [IIED]." *Id.*

In *Doe v. First United Methodist Church*, 68 Ohio St. 3d 531 (1994), *superseded by statute on other grounds*, a plaintiff sued his former high school choir director, his church, and his school district based on the choir director's past repeated sexual abuse of the plaintiff. The plaintiff sued the choir director for battery, negligence, and IIED. *Id.* at 532. He sued the church for negligent and willful failure to protect, and he sued the school district for negligent hiring and retention. *Id.* He also alleged the church and school district were vicariously liable for the choir director's sexual misconduct. *Id.*

The Ohio Supreme Court concluded that it was necessary to determine the "true nature or subject matter of the acts giving rise" to Plaintiff's claims against

the *choir director* in order to determine what statute of limitations to apply to those claims. *Id.* at 536. The Supreme Court of Ohio reiterated that:

> in determining which limitation period will apply, courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded. The grounds for bringing the action are the determinative factors, the form is immaterial. . . . [W]here the essential character of an alleged tort is an intentional, offensive touching, the statute of limitations for assault and battery governs even if the touching is pled as an act of negligence. . . . [N]early any assault and battery can be creatively pled as a claim for negligence, but that form of the pleading does not govern the question as to which statute of limitations is to be applied.

*Id.* (internal quotation marks and citations omitted).

The Supreme Court of Ohio then concluded that the plaintiff's battery, negligence, and IIED claims against the *choir director* were all premised upon the choir director's sexual abuse of the plaintiff, and, thus, the "essential character" of those claims "entailed intentional acts of offensive contact." *Id.* For that reason, the Supreme Court of Ohio held that the one-year statute of limitations for assault and battery applied to all of the plaintiff's claims against the choir director, regardless of how they were styled. *Id.* at 537 ("The fact that [the plaintiff] pled negligence and [IIED] cannot be allowed to mask or change the fundamental nature of [his] causes of action which are predicated upon acts of sexual battery.").

With respect to the church and school district, the Supreme Court of Ohio held that the same one-year statute of limitations for assault and battery applied to the plaintiff's claims against those entities that were based on *vicarious*

*liability. Id.* at 537. It applied a two-year statute of limitations for the plaintiff's separate, negligence-based claims against those entities grounded on those entities' own conduct. *Id.*

Defendant here contends that *First United* dictates that Plaintiff's IIED and conspiracy to commit IIED claims against it are subject to the one-year assault and battery statute of limitations because the car attack (which amounts to a battery) underlies Plaintiff's IIED claim.

Some case law supports Defendant's position. *E.g., Stafford*, 2007 WL 2800333, at \*\*2–3 (finding plaintiff's IIED claim against defendant barred by one-year statute of limitations where assault and battery by defendant's independent contractor was basis of IIED claim against defendant); *Brown v. Holiday Inn Express & Suites*, 118 N.E.3d 1021, 1024–25 (Ohio Ct. App. 2018) (finding battery and IIED claims against employer of wrongdoer barred by one-year statute of limitations for assault and battery but negligence and negligent supervision claims against same employer subject to two-year statute of limitations).

However, the Court is not convinced that *First United* necessarily applies in this circumstance. The pertinent language in *First United* dealt with how to construe an IIED claim against the very person who committed the sexual abuse (or another based on vicarious liability) and reiterated that a plaintiff cannot disguise a claim against such a person, where the claim's "true nature" is battery, by calling it by another name.

Unlike in *First United*, Plaintiff is not disguising a battery claim against Fields by labeling it IIED. Nor does Plaintiff allege that Defendant is vicariously liable for Fields' IIED.

Rather, Plaintiff sues Defendant for Defendant's *own* alleged extreme and outrageous conduct that resulted in severe emotional distress. To be sure, Plaintiff alleges that Defendant's conduct contributed to Fields' attack, which caused Plaintiff severe emotional distress. Second Amend. Compl. ¶¶ 191, 193, ECF No. 57. To the extent Plaintiff's IIED claim against Defendant is based on its own extreme and outrageous conduct in causing the car attack, it may nonetheless be subject to the one-year statute of limitations for battery claims since the car attack still underlies any such claim. Or it might not. Moreover, the Second Amended Complaint additionally appears to allege that Defendant engaged in extreme and outrageous conduct that caused Plaintiff severe emotional distress that is unrelated to Fields' attack, *id.* ¶¶ 189, 190, 192, and to the extent Plaintiff's IIED claim is based on distress other than that caused by the car attack, the one-year statute of limitations might not apply.

Plaintiff's claims against Defendant in this case are therefore arguably more akin to the plaintiff's negligence claims against the school district and church in *First United*, and, in that case, the Supreme Court of Ohio applied the two-year statute of limitations for negligence actions to those claims. *First United*, 68 Ohio St. 3d at 537. In doing so, the Supreme Court of Ohio did *not* find that the plaintiff's negligence-based claims against those entities were

disguised battery claims; rather, the Supreme Court found they were "independent negligence claims against the church and school district" subject to the two-year statute of limitations that traditionally applies to negligence claims. *See also Doe v. Archdiocese of Cincinnati*, 109 Ohio St. 3d 491, 494 (2006) (discussing *First United* and similarly applying the two-year statute of limitations to the plaintiff's negligence claims against an abuser's employer rather than considering those claims to be disguised battery claims subject to a one-year statute of limitations); *accord Primmer v. Vrable*, No. 95APE07-936, 1996 WL 125552, at **2–3 (Ohio Ct. App. Mar. 19, 1996) (applying one-year statute of limitations to IIED claim against employer defendant where IIED claim was based on employer defendant's vicarious liability for defendant employee's sexual abuse but applying two-year statute of limitations to negligent supervision claim against employer defendant because that claim was based on employer defendant's own conduct rather than the imputed acts of sexual abuse by employee defendant).

It is not clear to this Court whether the Supreme Court of Ohio in *First United* and *Archdiocese of Cincinnati* applied the two-year statute of limitations to the church, school district, and archdiocese defendants solely because the claims against those defendants were negligence-based rather than grounded on intentional conduct or, alternatively, whether the Supreme Court of Ohio simply applied whatever statute of limitations attached to the claims brought against those entities based on their own conduct (which happened to be two years

because those plaintiffs brought only negligence-based claims against those entities based on their own conduct) because such claims were separate from the claims based on vicarious liability and, as such, were not subsumed by any underlying battery by the wrongdoer.

At bottom, Plaintiff is not asserting vicarious liability against Defendant for Fields' IIED. Plaintiff's claims against Defendant arise from Defendant's own alleged extreme and outrageous conduct that allegedly caused severe emotional distress. While there is case law suggesting such an IIED claim against Defendant would nonetheless be barred by the one-year statute of limitations to the extent the car attack underlies that claim, Ohio law is not clear on this point where *Defendant's* actions do not themselves constitute a battery and when the Second Amended Complaint also alleges separate severe emotional distress unrelated to the attack. *Cf. Brown*, 118 N.E.3d at 1026 ("[Negligent supervision] seeks to hold an employer directly liable for its own conduct in negligently supervising an employee whose tortious conduct injured the plaintiff. . . . [E]ven if a claim for negligent supervision stems from injury sustained during an employee's battery of the plaintiff, the statute of limitations for negligence, not battery, governs the claim." (citations omitted)).

The Court finds the best course of action is to permit the state courts to decide these issues. Accordingly, the Court **DECLINES** to exercise supplemental jurisdiction over the state-law claims and **DISMISSES WITHOUT PREJUDICE** Counts Two, Three, Four, Five, and Six to permit Plaintiff to pursue

those claims in state court. *E.g., United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727 (1966) ("[A] federal court's wide latitude to decide ancillary questions of state law does not imply that it must tolerate a litigant's effort to impose upon it what is in effect only a state law case. Once it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage, the state claim may fairly be dismissed."); *James v. Detroit Prop. Exch.*, No. 18-13601, 2019 WL 9098023, at **1–2 (E.D. Mich. Nov. 8, 2019); *Alexander v. Byrd*, No. 14-1022, 2014 WL 5449626, at *10 n.3 (W.D. Tenn. Oct. 24, 2014) (stating district courts can *sua sponte* decline to exercise supplemental jurisdiction); *Wilson v. Acad. Fin. Sols.*, No. CIV. 05-40362, 2006 WL 163522, at *2 (E.D. Mich. Jan. 23, 2006) ("Even if the federal and state claims in this action arise out of the same factual situation, litigating these claims together may not serve judicial economy or trial convenience.").

### III. CONCLUSION

Defendant's motion, ECF No. 73, is **DENIED**. Nonetheless, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims and **DISMISSES** the same **WITHOUT PREJUDICE**.

The Court will not entertain summary judgment motions with respect to Plaintiff's sole remaining federal claim against Defendant until Plaintiff and Defendant have engaged in good-faith settlement discussions regarding that claim. To that end, the Magistrate Judge shall assign a mediator who shall

mediate Plaintiff's remaining claim significantly before the deadline for submitting summary judgment motions.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**